(No. 33995.—

ELGIN, JOLIET AND EASTERN RAILWAY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (ROY DIXON, Defendant in Error.)

*Opinion filed November 26, 1956.*

STEPHENSON, CONAGHAN, VELDE AND HACKBERT, of Chicago, (HARLAN L. HACKBERT, and DOUGLAS F. STEVENSON, of counsel,) for plaintiff in error.

J. W. KOUCKY, of Chicago, for defendant in error.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Defendant in error, Roy Dixon, hereinafter referred to as the employee, was awarded compensation at the rate of $25.50 per week for a period of 42½ weeks under section 8(e) of the Workmen's Compensation Act (Ill. Rev. Stat. 1955, chap. 48, par. 138.8,) for the permanent loss of use of his right hand to the extent of 25% against plaintiff in error, the Elgin, Joliet and Eastern Railway Company, hereinafter referred to as the employer.

The arbitrator's decision was affirmed and ordered to stand as the decision of the Industrial Commission. The superior court of Cook County affirmed this decision and quashed the writ of *certiorari*. The cause is here on writ of error by leave of this court.

The facts are not in dispute. On May 19, 1953, the employee was injured while he was working as a track laborer with a crew of men unloading creosoted railroad ties from one of two cars in the South Chicago Yards, which serve the United States Steel Corporation from which all shipments, inbound and outbound, move through Gary, Indiana. The employer's supervisor of tracks testified that he kept the record book in which were recorded the numbers of two cars loaded with ties which arrived in the yards on May 18; that the cars were shipped from some place in the south *via* Gary, Indiana, the only route of ingress to and egress from the South Chicago Yard by

rail; and that these particular ties were used in maintaining the tracks in the South Chicago Yards. On cross-examination, it was admitted that the witness had referred to notes made by him from the record book to refresh his recollection as to the identifying numbers on the cars, the date of arrival thereof and the fact that creosoted ties were shipped into the South Chicago Yard thereon. The employee complains that the arbitrator erred in permitting this witness, over objection, to testify from the copy of the record for the reason that the employer did not make clear and explicit proof that the copy was truly transcribed from the original, that the original was correctly made, and that it was true when made. The proof contained nothing in the way of bills of lading, waybills, receipts or other documents.

The sole question presented for review is whether the employee's duties as a track laborer unloading railroad ties for later use in a railroad yard used for interstate and intrastate shipments bring him within the exclusive coverage of the Federal Employer's Liability Act. (45 USCA, par. 51 *et seq.*) If so, the Industrial Commission lacked jurisdiction to enter an award in this case.

The employer had the burden of proof that the employee was actually engaged in interstate commerce or work that directly or closely and substantially affects interstate commerce. The employee contends that the employer has failed to sustain this burden by competent and substantial evidence.

The decisions of the Federal courts are controlling upon our court in the interpretation of a Federal statute. In *Reed* v. *Pennsylvania Railroad Co.* 351 U.S. 502, 76 S. Ct. 958, the United States Supreme Court stated that the 1939 amendment to the Federal Employer's Liability Act evinces a purpose to expand coverage substantially as well as to avoid narrow distinctions to decide questions of coverage. In the majority opinion, the court construed the term "inter-

state commerce," as used in the 1939 amendment, as being "any part" of the employee's duties that is in "furtherance" of or that which substantially affects interstate commerce. The test for coverage is not whether the employee is actually engaged in transportation, but is the employee engaged in an activity that affects transportation.

In *Ernhart* v. *Elgin, Joliet and Eastern Railway Co.* 405 Ill. 577, this court, after considering the 1939 amendment, concluded that the criterion for the applicability of the act is still the work at which the employee is engaged at the time of the injury and that the Federal cases indulge in a very liberal interpretation in the classification of employments that are construed to be in furtherance of, and to directly or closely and substantially affect interstate commerce. In *Pipal* v. *Grand Trunk Western Railway Co.* 341 Ill. 320, we held that the unloading of interstate shipments is so closely related to "interstate commerce" as to be practically part of it. In *Illinois Central Railroad Co.* v. *Industrial Commission,* 414 Ill. 546, we held that a section hand engaged in cleaning a switch to a spur track leading to a factory doing predominantly interstate business, was as a matter of law exclusively under the Federal Employer's Liability Act.

In *Southern Pacific Co.* v. *Gileo,* 351 U.S. 493, 76 S. Ct. 952, the United States Supreme Court held that the work of remolding wheels for inventory and for later use was within the coverage of the Federal act, stating "a certain level of inventory is indispensable to effective utilization of this mode of operation. The operation itself is a vital link in the chain of petitioner's function as an interstate rail carrier." This language is applicable to the case at bar. A supply of railroad ties for use in the maintenance of the yard, used both for interstate and intrastate commerce is a vital link in the chain of this employer's operations.

After carefully considering the record, the conclusion seems inescapable that the facts in this case, interpreted

in accordance with the foregoing decisions, indicate that the employee herein was engaged in work which, at least in part, furthered and substantially affected interstate transportation. The car which the employee was unloading at the time he sustained the injury had, as a matter of necessity, moved in interstate commerce for the reason that it could have only been moved into the yard from Gary, Indiana. The railways supervisor of tracks at South Chicago testified of his own knowledge as well as from his records that the cars in question had come into South Chicago from Gary, Indiana, and that he knew that Dixon was working on those cars. Thus, any error committed by the arbitrator in admitting testimony based upon original records not properly qualified, becomes harmless. The railroad ties being unloaded from the car were to be used, at least in part, in maintaining the yards, a vital part of this interstate transportation system.

We, therefore, hold that, as a matter of law, the employee was engaged in work within the exclusive coverage of the Federal Employer's Liability Act, as amended, and that by reason thereof, the Industrial Commission did not have jurisdiction in this case. The superior court of Cook County erred in confirming the award of the commission.

The judgment of the superior court of Cook County is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed; award set aside.*