FOURTH DIVISION

FILED: 3/25/99

No.  1-98-1274

CAMILLE COHEN, ) APPEAL FROM THE

) CIRCUIT COURT OF

Plaintiff-Appellant, ) COOK COUNTY

)

v. )

)

ROBERT J. SALATA, D.D.S., and )

KIMBERLY A. ZIZIC, D.D.S., )

)

Defendants-Appellees, )

)

and )

)

NORTH SHORE COSMETIC AND GENERAL ) 

DENTISTRY, LTD., P.C., ) HONORABLE

) DAVID R. DONNERSBERGER,

Defendant. ) JUDGE PRESIDING.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Camille Cohen, appeals from an order of the circuit court dismissing as time barred her dental malprac­tice action against Robert J. Salata and Kimberly A. Zizic.  In our analysis of this case, we address the question of whether the filing of an action in violation of the automatic stay provisions of section 362 of the Bankruptcy Code (11 U.S.C. §362 (1995)) invokes the circuit court's subject matter jurisdiction. 

The facts giving rise to this appeal are not in dispute.  On May 7, 1997, the plaintiff filed a single count complaint alleg­ing dental malpractice against Salata, Zizic, and North Shore Cosmetic and General Dentistry, Ltd., P.C.  The complaint alleged a continuous course of treatment from December 6, 1991, through May 7, 1995.  It also alleged that the plaintiff "did not know, nor could she have known," until March 4, 1997, that the loss of two of her teeth was the result of negligent treatment.  

On April 24, 1997, approximately two weeks prior to the filing of the plaintiff's complaint, Salata and Zizic (hereinaf­ter collectively referred to as the "defendants") filed a peti­tion under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (Bankruptcy Court).  On June 13, 1997, the attorney representing the defendants in their bankruptcy action sent a letter to the plaintiff's attorney informing him of the defendants' pending bankruptcy and the automatic stay provisions of section 362 of the Bankruptcy Code (11 U.S.C. §362 (1995)), and requesting that the plaintiff's action against the defendants be dismissed.  During the pendency of the defendants' bankruptcy proceeding, the automatic stay imposed by section 362 was never lifted or modified by the Bankruptcy Court to permit the plaintiff to either commence or continue any action against the defendants.  On August 19, 1997, the Bankruptcy Court entered an order of discharge in favor of the defendants.

On Novem­ber 4, 1997, the defendants were served with process and a copy of the plaintiff's complaint in the instant action.  The defendants filed their appearance and a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 1996)).  In that motion, the defendants asserted that the filing of the plain­tiff's complaint in viola­tion of the automatic stay provisions of section 362 of the Bankruptcy Code "rendered the complaint 
void ab initio."  
The motion went on to contend that, because the plaintiff failed to dismiss her action and refile within the applicable two-year statute of limitations as provided in section 13-212 of the Code (735 ILCS 5/13-212 (West 1996)), her claim against the defendants was time barred.

On March 11, 1998, the trial court granted the motion, dismissed the plain­tiff's action against the defendants "with prejudice," and found no just reason to delay an appeal from its order.  The plaintiff filed a timely notice of appeal, invoking our jurisdiction under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)).

In urging reversal, the plaintiff argues that, since a material issue of fact exists on the question of whether the defendants were insured for the negligent acts alleged in her complaint, the trial court erred in dismissing her action "with prejudice."  For their part, the defendants rely essentially upon the same arguments they asserted before the trial court.  The defendants argue that the filing of the complaint against them was void by reason of the plaintiff's violation of the automatic stay imposed by section 362 of the Bankruptcy Code.  They then conclude that, since no valid complaint was filed against them within the two-year limitation period provided in section 13-212 of the Code, even allowing for the limitation tolling provisions of section 13-

216 of the Code (735 ILCS 5/13-216 (West 1996)) and the 30-day limitation extension provided in section 108 of the Bankruptcy Code (11 U.S.C. §108 (1997)), the plaintiff's action is time barred.  This argument is grounded on the premise that the two-year limitation period began to run on May 7, 1995, the date of the plaintiff's last treatment.

No doubt, the issue raised by the plaintiff and the question of when the applicable limitation on her action against the defendants began to run in light of the discovery language of section 13-212 must be addressed at some point in time.  However, we find a jurisdictional impediment which precludes their resolution at this juncture.

The defendants contend, as they did before the trial court, that the filing of an action in violation of the stay provisions of section 362 of the Bankruptcy Code is "void."  If they are correct, the trial court never acquired subject matter jurisdiction over the plaintiff's claim against them and, therefore, lacked the power to address their statute of limitations defense.

As a reviewing court, we are obligated to examine our own jurisdiction (
Ferguson v. Riverside Medical Center, 
111 Ill. 2d 436, 440, 490 N.E.2d 1252 (1985)) and the jurisdiction of the trial court in the cause before us (see 
People v. Bounds, 
182 Ill. 2d 1, 3, 694 N.E.2d 560 (1998)).  This obligation exists even if neither party to the appeal has raised the issue.  
Archer Daniels Midland Co. v. Barth, 
103 Ill. 2d 536, 539, 470 N.E.2d 290 (1984).

Subject matter jurisdiction is the power of the court to hear and determine the general question presented to it and to grant the particular relief sought.  
In re M.M., 
156 Ill. 2d 53, 64, 619 N.E.2d 702 (1993).  Generally, if a complaint states a claim belonging to a general class over which the court's authority extends, its jurisdiction attaches.  
People ex rel. Scott v. Janson, 
57 Ill. 2d 451, 459, 312 N.E.2d 620 (1974).  However, the fact that a complaint states a cause of action belonging to the general class over which a state court traditionally exercises authority is not conclusive of that court's subject matter jurisdiction.

There are a number of Federal statutes which either deprive or divest state courts of jurisdiction over particular claims, the subject matter of which traditionally fall within the au­thority of the state courts.  By way of example, the circuit court hears wrongful death claims grounded in allegations of negligence, yet it may lack subject matter jurisdiction over certain such actions against international airlines (see 
People ex rel. Compagnie Nationale Air France v. Giliberto, 
74 Ill. 2d 90, 383 N.E.2d 977 (1978)), and a state court's subject matter jurisdiction over an action is divested pending remand when a petition for removal has been filed in a Federal district court (see 
Eastern v. Canty, 
75 Ill. 2d 566, 389 N.E.2d 1160 (1979)).  The supremacy clause in article VI of the United States Consti­tution provides that the laws of the United States "shall be the supreme Law of the Land *** any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const., art. VI, cl. 2.  Consequently, even a court of general jurisdiction lacks subject matter jurisdiction when its power to act in a particular matter has been divested by a Federal statute.  Our conclusion in this regard is nothing more than an application of the proposition that, in circumstances where state law conflicts with Federal law, the former is without effect.  See 
Maryland v. Louisiana, 
451 U.S. 725, 746, 68 L. Ed. 2d 576, 101 S. Ct. 2114 (1981).  The issue presented in this case is the effect of the auto­matic stay provision of section 362 of the Bankruptcy Code on the subject matter jurisdiction of the circuit court.

Section 362(a)(1) of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation *** of a judicial *** action or proceeding against the debtor that was or could have been commenced" before the debtor filed for protection under the bankruptcy laws.  11 U.S.C. § 362(a)(1) (1995).  The defendants argue that section 362(a)(1) renders the filing of a complaint in violation of its provisions "void" and without legal force or effect.  The determination of whether the automatic stay provi­sion of section 362 does so operate is a Federal question as it entails a construction of the Bankruptcy Code.  
Kalb v. Feuerstein, 
308 U.S. 433, 438, 84 L. Ed. 370, 60 S. Ct. 343 (1940).

There is no dispute that the plaintiff filed her complaint against the defendants in violation of the automatic stay provi­

sions of section 362, and the Bankruptcy Court never annulled or modified that stay.  The automatic stay takes effect the moment a bankruptcy petition is filed and without regard to whether a party or a state court has notice of the filing.  
Constitution Bank v. Tubbs, 
68 F.3d 685, 691 (3d Cir. 1995); see also 
Townsend v. Magic Graphics, Inc., 
169 Ill. App. 3d 73, 76, 523 N.E.2d 208 (1988).  There is, however, a dispute amongst the Federal circuit courts of appeal as to whether a filing in violation of such a stay is void or merely voidable.  The majority of the circuit courts of appeal that have addressed the question hold that actions taken in violation of an automatic stay are "void."  
In re Soares, 
107 F.3d 969 (1st Cir. 1997); 
In re 48th Street Steakhouse, Inc., 
835 F.2d 427 (2d Cir. 1987); 
Raymark Industries, Inc. v. Lai, 
973 F.2d 1125 (3d Cir. 1992); 
In re Schwartz, 
954 F.2d 569 (9th Cir. 1992); 
In re Calder, 
907 F.2d 953 (10th Cir. 1990); 
Borg-Warner Acceptance Corp. v. Hall, 
685 F.2d 1306 (11th Cir. 1982).  The minority view held by the 5th Circuit (
Sikes v. Global Marine, Inc., 
881 F.2d 176, 178 (5th Cir. 1989)) and the 6th Circuit (
Easley v. Pettibone Michigan Corp., 
990 F.2d 905, 910 (6th Cir. 1993)) is that such actions are voidable.  For our purposes, the debate is not merely academic. 

The terms "void" and "voidable" have very distinct meanings.  Void is defined as "[n]ull; ineffectual; nugatory; having no legal force or binding effect; unable, in law, to support the purpose for which it was intended."  Black's Law Dictionary 1573 (6th ed. 1990).  Voidable, however, is defined as "[t]hat which may be avoided, or declared void; not absolutely void, or void in itself.  It imports a valid act which may be avoided rather than an invalid act which may be ratified."  Black's Law Dictionary 1574 (6th ed. 1990).  If, as the defendants contend, the filing of an action in violation of the automatic stay provisions of section 362 of the Bankruptcy Code is void, then such a filing does not, and never could, invoke the subject matter jurisdiction of the court as to a claim against the debtor.

In 
Kalb v. Feuerstein, 
the United States Supreme Court held that action in violation of an automatic stay is void. 
Kalb, 
308 U.S. at 438-39.  Those courts which hold that actions in violation of the automatic stay are merely voidable draw support for the proposition from the bankruptcy court's power to annul a stay (see 11 U.S.C. §362(d) (1995)).  These courts reason that the statutory power to annul a stay and validate actions taken in violation of the stay is inconsistent with the holding that actions taken in violation of the stay are void.  
Easley, 
990 F.2d at 909-10; 
Sikes, 
881 F.2d at 178-79.  They distinguish 
Kalb 
by noting that the version of the Bankruptcy Code in effect at the time 
Kalb 
was decided did not include a provi­sion authorizing the bankruptcy court to annul the automatic stay.  
Easley, 
990 F.2d at 911.  In 
Schwartz, 
the court analyzed the void/voidable conflict and concluded:

" 'that Congress saw fit to include specific exceptions to the automatic stay does not require the conclusion that actions in violation of the automatic stay are merely voidable.' It is entirely consistent to reason that, absent affirmative relief from the bankruptcy court, violations of the stay are void."  
Schwartz, 
954 F.2d at 573.

In interpreting Federal statutes, we are bound to follow the interpretation adopted by the Federal courts.  
Elgin, Joliet & Eastern Ry. Co. v. Industrial Comm'n, 
9 Ill. 2d 505, 507, 138 N.E.2d 553 (1956).  The weight of Federal authority supports the conclusion that actions taken in violation of the automatic stay provisions of section 362 are void.  See also 3 Collier on Bankruptcy §362.11[1] (15th ed. rev. 1997).

Based on the foregoing analysis, we hold that the filing of the plaintiff's complaint against the defendants in violation of the automatic stay provisions of section 362 of the Bankruptcy Code was void and did not invoke the subject matter jurisdiction of the circuit court.  Absent subject matter jurisdiction, the court's only function is to announce the fact that it lacks jurisdiction and dismiss the cause.  See 
River Park, Inc. v. City of Highland Park, 
184 Ill. 2d 290, 306, 703 N.E.2d 883 (1998), citing 
Steel Co. v. Citizens for a Better Environment, 
523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).  Since the trial court lacked the jurisdiction necessary to adjudicate the defendants' statute of limitations defense, we vacate the order dis­missing the plaintiff's claims against the defendants "with prejudice," and remand the cause to the circuit court with directions that it dismiss the plaintiff's complaint against the defendants for want of jurisdiction.  Such a dismissal, by its very nature, is not an adju­dication on the merits and is, therefore, "without prejudice" (
Norris v. Estate of Norris, 
143 Ill. App. 3d 741, 748, 493 N.E.2d 121 (1986)).

Now that the automatic stay is no longer in effect by reason of the discharge order entered in the defen­dants' bankruptcy proceeding on August 19, 1997 (see 11 U.S.C. §362(c) (1995)), there appears to be no impediment to the circuit court's ability to acquire subject matter jurisdiction.  Once that jurisdictions is acquired by the filing of a complaint and service of process, the circuit court will possess the power to address the issues raised by the plaintiff and the defendants' statute of limitations defense.

Order vacated and cause remanded with directions.

SOUTH, P.J., and HALL, J., concur.