LITTLE TEXAS, INC., Plaintiff-Appellee, v. DENIS BUCHEN, Defendant-Appellant.

Third District    No. 3—00—0392

Opinion filed February 8, 2001.—Modified on denial of rehearing March 14, 2001.

Joan M. Sherwin (argued), of Bushnell, for appellant.

William E. Stewart, of Kewanee, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff Little Texas, Inc., filed this action against defendant Denis Buchen to recover proceeds due under a cattle-raising agreement. A default judgment was entered against Buchen for failure to answer the complaint. Buchen ultimately filed a petition to vacate the default judgment which the court denied, and this appeal followed. We vacate the default order and hold that an action commenced after the filing of a bankruptcy petition in violation of the automatic stay imposed by the federal Bankruptcy Code (11 U.S.C. § 362(a)(1) (1994)) is void.

## FACTS

In 1989, Buchen and Little Texas entered into a cattle-raising agreement whereby Buchen was to transfer one-third of an interest in 20 cows to Little Texas and Little Texas was to discharge a debt owed by Buchen for past-due rent. The agreement also provided that Buchen was to continue to raise the cattle on land provided by Little Texas.

One-third of the profits from any cattle subsequently sired and sold would be given to Little Texas and Buchen would retain the remaining profits. Sometime after November of 1992, Buchen moved the cattle off of Little Texas' land and stopped paying Little Texas its one-third share of the interest in the cattle.

Buchen filed a chapter 7 (11 U.S.C. § 701 (1994)) bankruptcy petition on March 6, 1995, but did not list Little Texas as a creditor. Little Texas, apparently unaware of the bankruptcy petition, filed a complaint on June 13, 1995, seeking $45,000 for damages due under the contract and $3,500 in attorney fees. Buchen was served with summons on July 10, 1995. He was advised by his attorney that no liability could attach because of the bankruptcy action and did not answer the complaint. Little Texas ultimately became aware of the bankruptcy proceedings and appeared in the bankruptcy court to contest a discharge in Buchen's favor. Buchen's bankruptcy case was dismissed on December 16, 1996. Little Texas moved for default judgment 18 days later, on January 3, 1997, alleging that more than 30 days had passed since Buchen was served with summons in this case and that Buchen failed to answer the complaint. No mention was made of Buchen's bankruptcy petition. In addition, Little Texas provided no notice to Buchen of its motion for default judgment. The motion was granted on January 24, 1997.

Buchen learned of the default judgment when he was served with a citation to discover assets in November of 1997. He visited the courthouse pursuant to the citation but never appeared before the judge. Instead, he met William Stewart, the attorney for Little Texas, in the library. Though it is not clear what transpired between Buchen and Stewart, it is clear that Buchen left the courthouse, while Stewart appeared in court, ostensibly providing it with Buchen's gross income. From that information, the court determined that Buchen was capable of paying the default judgment and entered an order requiring Buchen to pay $400 per month on the judgment.

On June 18, 1998, Buchen appeared on a rule to show cause for failure to comply with the court-ordered payment schedule. When Buchen argued with the court over the amount of the judgment, he was held in contempt and jailed. He was later released after paying the $2,400 owed to date.

On January 21, 1999, Buchen filed a petition pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 1998)) to vacate the default judgment. The petition was denied and Buchen appealed.

## ANALYSIS

The question we are asked to consider on appeal is whether the

circuit court erred when it denied Buchen's section 2—1401 petition to vacate the default judgment.

Because we determine that the trial court lacked subject matter jurisdiction to enter the order of default, we need not address the merits of the section 2—1401 petition.

■ As a court of review, this court must determine whether it possesses jurisdiction to hear an appeal as well as whether the trial court possessed jurisdiction. See *Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 490 N.E.2d 1252 (1985); *People v. Bounds*, 182 Ill. 2d 1, 694 N.E.2d 560 (1998). This obligation exists whether or not the parties have raised the issue of jurisdiction. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 470 N.E.2d 290 (1984).

■ In this case, Buchen filed a chapter 7 voluntary petition for bankruptcy in March of 1995. Section 362(a)(1) of the federal Bankruptcy Code provides that a bankruptcy petition operates as a stay of "the commencement *** of a judicial *** action or proceeding against the debtor that *** could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1) (1994). The stay applies to "all entities." 11 U.S.C. § 362(a)(1) (1994). It was created, in part, to prevent different creditors from filing actions in different courts in various attempts to capture the bulk of the debtor's assets. *Sunshine Development, Inc. v. Federal Deposit Insurance Corp.*, 33 F.3d 106 (1st Cir. 1994).

The Illinois Appellate Court, as well as a majority of the federal circuit courts, has determined that the automatic stay imposed by the federal Bankruptcy Code divests a state court of jurisdiction to adjudicate claims against the debtor asserted after the filing of the petition. See *Cohen v. Salata*, 303 Ill. App. 3d 1060, 709 N.E.2d 668 (1999); *In re Soares*, 107 F.3d 969 (1st Cir. 1997); *Raymark Industries, Inc. v. Lai*, 973 F.2d 1125 (3d Cir. 1992); *In re Calder*, 907 F.2d 953 (10th Cir. 1990). Accordingly, any action commenced after the filing of a bankruptcy petition in violation of the automatic stay is "void." See, *e.g.*, *Cohen*, 303 Ill. App. 3d at 1066, 709 N.E.2d at 672; but see *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir. 1989) (holding that an action filed in violation of the automatic stay is "voidable").

Support for this conclusion is found within the supremacy clause of the United States Constitution, which provides that the laws of the United States are the supreme law of the land notwithstanding any state law to the contrary. U.S. Const., art. VI, cl. 2. Consequently, even a state court of general jurisdiction lacks subject matter jurisdiction when its power to act has been divested by a federal statute. *Cohen*, 303 Ill. App. 3d at 1064, 709 N.E.2d at 670. We find the analysis of the *Cohen* decision persuasive.

■ When Buchen filed his bankruptcy petition in March of 1995, that filing immediately invoked the automatic stay provision of section 362(a)(1) of the Bankruptcy Code. See *Melrose Park National Bank v. Capitol Bank & Trust*, 180 Ill. App. 3d 662, 536 N.E.2d 104 (1989). As the stay is "automatic," no further action on Buchen's part was required, and his failure to plead cannot constitute default. The stay applied to Little Texas whether or not it had notice of the filing. See *Constitution Bank v. Tubbs*, 68 F.3d 685 (3d Cir. 1995). Little Texas filed its complaint against Buchen for damages two months later. There is no evidence in the record suggesting that the bankruptcy court annulled or modified the stay prior to the filing of Little Texas' complaint. The fact that Buchen's bankruptcy petition was later dismissed is of no consequence; the automatic stay provision voided Little Texas' complaint at its filing. See *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992).

Accordingly, we hold that Little Texas' complaint, filed in violation of the automatic stay, was void and could not invoke the subject matter jurisdiction of the circuit court. Because the court lacked the necessary jurisdiction to rule upon Little Texas' motion for default judgment, the court's order of default awarding Little Texas $45,000 in damages and $3,500 in attorney fees and any subsequent orders by the court are vacated. Additionally, any monies paid by Buchen to Little Texas as a result of the court's order of default must be returned to Buchen.

For the foregoing reasons, the judgment of the circuit court of Henry County is vacated, and this cause is remanded to the court with directions that it dismiss without prejudice Little Texas' complaint against Buchen for want of jurisdiction and order Little Texas to return any monies paid by Buchen to it as a result of the order of default.

Vacated and remanded with directions.

LYTTON and McDADE, JJ., concur.