2025 IL App (1st) 240030-U

No. 1-24-0030

Order filed July 23, 2025

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF THE COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, FOR ORDER OF JUDGMENT AND SALE AGAINST REAL ESTATE RENDERED DELINQUENT FOR THE NON-PAYMENT OF GENERAL TAXES | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | No. 19COTD000749 |
| ENTRY KEYS REALTY, LLC, | ) ) | |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | |
| WENDY A. ROBINSON, | ) ) | Honorable James R. Carroll, |
| Respondent-Appellee. | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*:    We affirm the trial court's decision finding the tax sale and certificate of purchase void under section 22-85 of the Property Tax Code and the court's tolling order.

¶ 2     Petitioner, Entry Keys Realty, LLC, appeals from an order of the trial court voiding a tax

sale and the related certificate of purchase. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        On April 3, 2017, ICIB Investments, Inc. (ICIB), purchased delinquent 2015 real estate taxes for property located at 1204 West 127th Street, Calumet Park, Illinois (Property). ICIB paid $7562.61 and was issued a certificate of purchase.

¶ 5        On August 11, 2017, ICIB submitted a notice of sale and redemption rights to the County Clerk as provided for in section 22-5 of the Property Tax Code (35 ILCS 200/22-5 (West 2016)). A section 22-5 notice "informs the property owner that the property has been sold for delinquent taxes at an annual tax sale, *** [and] that the property will go to tax deed unless redeemed by a specified date for a specified sum." *In re Application of the County Collector*, 2022 IL 126929, ¶ 41 (construing section 22-5 of the Property Tax Code). In the instant case, the section 22-5 notice specified that the delinquent taxes were purchased on April 3, 2017, and the redemption amount was $11,732.60.

¶ 6        ICIB filed a petition for a tax deed on April 4, 2019, and subsequently extended the redemption date to October 4, 2019. This gave ICIB one year from October 4, 2019 to obtain and record the tax deed. The Property was not timely redeemed, and on October 15, 2019, ICIB filed an application in the circuit court for an order directing the County Clerk to issue a tax deed. The matter was given a November 20, 2019 hearing date, but on November 5 the trial court struck the case from its call until further notice.

¶ 7        In March 2020, due to the COVID-19 pandemic, Illinois Governor J.B. Pritzker issued a proclamation under section 7 of the Illinois Emergency Management Agency Act (20 ILCS 3305/7 (West 2020)) declaring the state of Illinois a disaster area. See *James v. Geneva Nursing and Rehabilitation Center, LLC*, 2024 IL 130042, ¶ 5. In response, the county division of the circuit

court entered an administrative order tolling the time to obtain and record a tax deed (Tolling Order). See Cook County Department County Division Administrative Order 2021-01 (entered Oct. 8, 2021). See also Cook County Circuit Court General Administrative Orders 2020-02 (entered Mar. 17, 2020), County Division Real Estate Tax Cases: COVID-19 Emergency; 2020-08 (Amended Oct. 26, 2020), Tolling Order-Tax Deed Cases-COVID-19 Emergency. As a consequence, the time for ICIB to obtain and record the tax deed was extended to April 27, 2022.

¶ 8     In the interim, the Property was conveyed to IL RE Holdings, Inc. (RE Holdings), whose president is respondent Wendy Robinson.

¶ 9     On March 9, 2022, ICIB assigned the certificate of purchase to Bank Financial, who in turn assigned it to the petitioner, who then filed an amended application for an order directing the County Clerk to issue a tax deed. No tax deed was recorded by April 27, 2022.

¶ 10     The trial court conducted a hearing on the petitioner's amended application for a tax deed. At the hearing, the trial court inquired whether the case could proceed, given the fact that the tax deed had not been recorded within one year from expiration of the redemption date as mandated by section 22-85 of the Property Tax Code (35 ILCS 200/22-85 (West 2022)). Section 22-85 mandates that a tax deed be recorded with the recorder of deeds within one year after the redemption date has expired, or else the deed and sale upon which it is based, are "absolutely void with no right to reimbursement." *Id*. Counsel for the petitioner stated that it was his belief that he could proceed with the case as it would be "consistent with the tolling order."

¶ 11     On July 21, 2022, the trial court entered an order directing the County Clerk to issue a tax deed to the petitioner. In response, the respondent filed a *pro se* motion on behalf of RE Holdings to vacate the order. The trial court dismissed the *pro se* motion without prejudice, concluding that the respondent, a non-attorney, could not represent RE Holdings.

¶ 12    On August 22, 2022, respondent, through counsel, filed an amended motion to vacate the July order pursuant to section 2-1203 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203 (West 2022)). Section 2-1203 provides, in relevant part, that in a non-jury case, "any party may, within 30 days after the entry of the judgment *** file a motion *** to vacate the judgment." *Id*. "The purpose of a motion to vacate under section 2-1203 is to alert the trial court to errors it has made and to afford an opportunity for their correction*." In re Marriage of King*, 336 Ill. App. 3d 83, 87 (2002).

¶ 13    In support of her section 2-1203 motion to vacate, the respondent alleged that the petitioner failed to strictly comply with the notice requirements of section 22-5 of the Property Tax Code by listing an incorrect redemption amount. In addition, respondent filed a separate motion to declare the tax sale and certificate of purchase void under section 22-85 of the Property Tax Code on the ground that the tax deed was not recorded by April 27, 2022.

¶ 14    On November 9, 2022, the trial court heard argument limited to whether the tax sale and certificate of purchase were void under section 22-85. Following the hearing, the trial court took the matter under advisement and continued the case to December 15, 2022.

¶ 15    At the December hearing, the trial court determined that section 22-85 does not provide an independent basis to declare an underlying tax sale and certificate of purchase void. It held that any such challenge to an underlying tax sale and certificate of purchase must be brought in conjunction with either section 2-1203 or section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2022)).

¶ 16    The trial court concluded, "I'm not making a substantive ruling on 22-85, whether it can and should apply in this case. I'm just saying you can't apply it independently." The trial court denied the respondent's motion to vacate but granted her leave to file an amended section 2-1203

motion, to include an allegation under section 22-85.

¶ 17    On January 30, 2023, respondent filed a two-count second amended motion to vacate pursuant to section 2-1203 of the Code. In count I, respondent alleged that the petitioner failed to strictly comply with the notice requirements of section 22-5 by listing an incorrect redemption amount; in count II, respondent claimed that the tax sale and certificate of purchase were void under section 22-85 and the tolling order based on the fact that the tax deed was not recorded by April 27, 2022.

¶ 18    On March 29, 2023, over the petitioner's objection, the trial court entered an order vacating its previous order directing the County Clerk to issue a tax deed to the petitioner. The order directed respondent to reimburse the petitioner on or before June 27, 2023, as required by section 22-80(b) of the Property Tax Code (35 ILCS 200/22-80(b) (West 2022)). Section 22-80(b) requires "the party who successfully contested the entry" of an order directing issuance of a tax deed, to reimburse the tax purchaser for funds expended in obtaining the tax deed. *Id*.

¶ 19    The parties subsequently attempted to reach an agreement to extend the reimbursement date past June 27, 2023, but were unsuccessful. Thereafter, the respondent failed to tender the reimbursement amount as required by the trial court's March 29, 2023 order.

¶ 20    As a result, on August 10, 2023, the trial court entered an order, denying with prejudice respondent's claim in count I that the petitioner failed to strictly comply with the notice requirements of section 22-5. The trial court held that its previous order directing the County Clerk to issue the tax deed to the petitioner "shall remain in full force and effect." In addition, the trial court granted the parties leave to file response and reply briefs addressing respondent's claim in count II of her second amended motion to vacate.

¶ 21    In its response brief before the trial court, the petitioner argued that the trial court lost

jurisdiction to consider the section 22-85 issue once it entered the August 10, 2023 order. According to the petitioner, the August order was final and appealable since it denied, with prejudice, respondent's claim in count I of her motion. The respondent countered that the order was not final and appealable, as the section 22-85 issue in count II remained pending.

¶ 22 In a final ruling on December 7, 2023, the trial court determined that it retained jurisdiction to consider the section 22-85 issue. The trial court found that the order of August 10, 2023, was provisional rather than final, since it was dependent upon respondent's timely reimbursement. It further determined that the August order was not final and appealable, as it did not resolve the pending issue of whether the tax sale and certificate of purchase were void under section 22-85 and the tolling order.

¶ 23 After noting that the petitioner did not contest respondent's contention that the extended period to obtain and record a tax deed for the Property expired on April 27, 2022, the trial court found in favor of respondent. The trial court determined that the tax sale and certificate of purchase were void under section 22-85 and the tolling order, without the right to reimbursement. Section 22-85 requires that a tax deed be recorded with the recorder of deeds within one year after the redemption date has expired, or else the deed and sale upon which it is based, are "absolutely void with no right to reimbursement." See 35 ILCS 200/22-85 (West 2024). This timely appeal by the petitioner followed on January 4, 2024.

¶ 24                                    II. ANALYSIS

¶ 25 The primary question we must answer on appeal is whether the trial court properly found that the tax sale and certificate of purchase were void under section 22-85 of the Property Tax Code. Resolution of this question requires us to interpret provisions of the Property Tax Code.

¶ 26 "The cardinal rule of statutory construction is to ascertain and give effect to the intent of

6

the legislature." *Hart v. Illinois State Police*, 2023 IL 128275, ¶ 17. "The best evidence of legislative intent is the language of the statute, which should be given its plain and ordinary meaning." *In re Application of the County Collector*, 2022 IL 126929, ¶ 19. "We review questions of statutory construction *de novo*." *In re County Treasurer & [E]x [O]fficio County Collector of Cook County*, 2022 IL App (1st) 211511, ¶ 26.

¶ 27     The petitioner argues that the trial court lost jurisdiction to consider the section 22-85 issue once it entered the August 10, 2023 order holding that its previous order directing the County Clerk to issue the tax deed to the petitioner "shall remain in full force and effect." The petitioner maintains the August order was final and appealable since it was entered with prejudice. According to the petitioner, the trial court's decision to consider the section 22-85 issue was "the equivalent of allowing successive post-trial motions." In support of this contention, the petitioner relies on Illinois Supreme Court Rule 274 (eff. July 1, 2019). This rule provides in relevant part that "[a] party may make only one postjudgment motion directed at a judgment order that is otherwise final and appealable." The petitioner's reliance on Rule 274 is misplaced.

¶ 28     At the December 7, 2023 hearing, the trial court determined the August order "was only a provisional order," as it was contingent upon respondent's timely payment of section 22-80(b) reimbursement. The trial court's determination is supported by section 22-80(b)(2) of the Property Tax Code, which provides in relevant part that "[n]o final order vacating any order directing the county clerk to issue a tax deed shall be entered pursuant to this subsection (b) until the payment has been made." 35 ILCS 200/22-80(b)(2) (West 2024). Here, the respondent failed to pay the reimbursement amount as required by the trial court's March 29, 2023 order. That failure to pay subsequently caused the trial court to find that its August order was provisional, rather than final.

¶ 29     The trial court found that the August 10, 2023 order was not final and appealable since it

did not resolve the pending claim in count II of respondent's second amended section 2-1203 motion to vacate, alleging that the tax sale and certificate of purchase were void under section 22-85. A judgment or order is final "if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re M.M.*, 337 Ill. App. 3d 764, 771 (2003). However, "[w]hen a judgment is entered on only part of a dispute or as to less than all the parties, the judgment can only be immediately appealable under Rule 304's provisions." *In re Estate of Sippel*, 2025 IL App (3d) 230227, ¶ 53.

¶ 30    Here, no Rule 304(a) language was included in the August order to make it final and appealable, and moreover, the trial court determined that even if such language had been included in the order, it would not "have been a final order as to all issues pending in the case." We agree and therefore find the trial court did not lose its jurisdiction to rule on the section 22-85 issue.

¶ 31    The petitioner finally argues that the trial court erred when it ruled that section 22-85 was a proper ground to vacate its order to issue a tax deed. According to the petitioner, once the respondent failed to tender the reimbursement, it was error and contrary to the plain language of section 22-80(b) for the court to find the tax sale and certificate of purchase void, without the right to reimbursement. Again, we disagree.

¶ 32    "Section 22-80(b) states that if an order issuing a tax deed is vacated 'the party who successfully contested the entry of the order' shall make payments as directed by the statute within 90 days*." In re Application of County Collector for Judgment & Sale Against Lands & Lots*, 367 Ill. App. 3d 34, 40 (2006) (quoting section 22-80(b) of the Property Tax Code (35 ILCS 200/22-80(b) (West 2000)). "Section 22-80(b) applies to payments due to a tax purchaser where a *valid* deed is initially entered." (Emphasis in the original.) *Id*.

¶ 33    In this case, section 22-80(b) is inapplicable because the tax deed held by the petitioner

was invalid, as it was not filed and recorded within one year of the expiration of the statutory redemption period as required by section 22-85. As previously mentioned, section 22-85 requires that a tax deed be recorded with the recorder of deeds within one year after the redemption date has expired, or else the deed and sale upon which it is based, are "absolutely void with no right to reimbursement." See 35 ILCS 200/22-85 (West 2024).

¶ 34 Here, respondent filed a section 2-1203 motion to vacate on the ground that the petitioner failed to record the tax deed by April 27, 2022. The trial court granted the motion based on its finding that the tax deed was void because it had not been filed and recorded by the deadline. Therefore, the petitioner was not entitled to section 22-80(b) reimbursement. We find the trial court's determination was correct.

¶ 35 "Illinois courts have routinely held that there is no right to reimbursement where the purchaser fails to timely take out and register the deed." *In re County Treasurer and Ex Officio County Collector of Cook County*, 333 Ill. App. 3d 355, 362 (2002); see *also In re Application of Rosewell*, 209 Ill. App. 3d 187, 190-91 (1991) (affirming trial court's decision that tax deed was invalid because it was not filed and recorded within one year of the expiration of the statutory redemption period of section 271 of the Revenue Act (now section 22-85)).

¶ 36                                III. CONCLUSION

¶ 37 For the foregoing reasons, we affirm the trial court's decision that the tax sale and certificate of purchase were void under section 22-85 and the tolling order, without the right to section 22-80(b) reimbursement.

¶ 38 Affirmed.