PATRICIA BLOCK, Indiv. and as Guardian of the Person and the Estate of the Disabled Person, Clifford Block, Plaintiff-Appellant and Cross-Appellee, v. PEPPER CONSTRUCTION COMPANY *et al.*, Defendants-Appellees and Cross-Appellees (Contemporary Precast Products *et al.*, Third-Party Plaintffs-Appellants and Cross-Appellees; Concrete Erectors, Ltd., Third-Party Defendant-Appellee and Cross-Appellant).

First District (5th Division)    No. 1—98—0836

Opinion filed March 31, 1999.—Rehearing denied May 7, 1999.

Keith L. Davidson & Associates, of Chicago (Keith L. Davidson, of counsel), for appellant Patricia Block.

French, Kezelis & Kominiarek, P.C., of Chicago (Donald G. Peterson and Terry A. Fox, of counsel), for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Clifford Block sustained severe injuries while employed as a construction foreman for third-party defendant Concrete Erectors, Ltd. (Concrete). Thereafter, plaintiff Patricia Block entered into a settlement agreement with defendants Pepper Construction Company,

Contemporary Precast Products, and Kamm Leasing Company (collectively referred to as the settling defendants). In the agreement, the settling defendants assigned to plaintiff their right-of-contribution causes of action against Concrete. By order dated February 9, 1998, the trial court dismissed plaintiff's contribution action, finding that the right of contribution on the part of the settling defendants cannot be assigned to plaintiff based on the Joint Tortfeasor Contribution Act (Act) (740 ILCS 100/0.01 *et seq.* (West 1994)).

On appeal, plaintiff asserts that an assignment of a contribution action in a settlement agreement is valid, as a matter of law, and, therefore, the trial court erred in dismissing the contribution action. On cross-appeal, the issue raised is whether the contribution action is barred by the statute of limitations. We agree with plaintiff that a contribution action generally can be assigned. However, we hold that the contribution action in the present case is time-barred and, therefore, affirm the dismissal of the contribution action.

The facts are not in dispute. The underlying action arose in November 1988 when Clifford Block suffered severe injuries in a construction accident. After plaintiff filed her initial complaint against six named defendants, the trial court granted summary judgment in favor of the defendants. On direct appeal, this court reversed the summary judgment orders as to three of the defendants, *i.e.*, the three settling defendants in the instant appeal, and remanded the matter. See *Block v. Lohan Associates, Inc.*, 269 Ill. App. 3d 745 (1993). On March 30, 1994, the case was reinstated in the trial court. On May 27, 1994, defendants Kamm and Contemporary filed a contribution action against Concrete. On August 16, 1994, the trial court entered an order denying Concrete's section 2—619 motion to dismiss (735 ILCS 5/2—619 (West 1994)) the contribution action filed by Kamm and Contemporary.

In September 1994, plaintiff and the settling defendants entered into a settlement agreement, subject to court approval. On September 8, 1994, plaintiff executed a general release, stating, in pertinent part, that she released the three settling defendants from all actions in exchange for a cash payment ($4.5 million), a structured settlement ($500,000) and an assignment of their contribution action. The release specifically includes:

> "an assignment of the causes of action of Pepper Construction Company, Contemporary Precast Products and Kamm Leasing Company for contribution against Concrete Erectors, Ltd., or, in the event said assignment should be held invalid, then including the authorization of plaintiffs to prosecute said causes of action for contribution, at plaintiffs' own expense, for the benefits of

defendants ***, while reserving to plaintiffs the right to dismiss said contribution action or to vacate or forgive a judgment in said contribution action at any and all times as a part of any negotiated settlement of the worker's compensation lien, and the approval of this settlement by the Circuit Court of Cook County having been sought and obtained."

By order dated September 7, 1994, the trial court approved the settlement. In this order, the court expressly reserved "ruling on whether the settlement is a good faith settlement as to the third-party defendant, Concrete."

On September 20, 1994, the trial court entered an order dismissing the three settling defendants with prejudice from plaintiff's cause of action, "the matter having been fully compromised and settled" and "over the objection of Concrete Erectors." The order further stated that the contribution action "shall continue subject to further order of the court."

On May 14, 1996, Concrete filed a brief on its motion to dismiss. Concrete argued two points: (1) the settlement did not create a right of contribution against Concrete that could be assigned or revert to settling defendants when the assignment fails, and (2) the contribution action should be dismissed as time-barred.

On February 9, 1998, in open court, the trial judge stated:

"[T]he issue before the court is whether the right of contribution on the part of the third-party plaintiffs can be assigned to the plaintiff under the Joint Tort Feasor [sic] Contribution Act. Section 2B of that Act provides the right of contribution exists only in favor of a tort feasor who [has] paid more than his pro rata share of the common liability. In the Court's mind that is the same as saying that the right of contribution may not be assigned to the plaintiff. And so I am going to grant the motion to dismiss the third-party complaint."

By order dated the same day, the trial court granted Concrete's section 2—619 motion to dismiss (735 ILCS 5/2—619 (West 1994)) the contribution complaint with prejudice. Plaintiff appeals this order.

■ We apply a *de novo* standard of review to a dismissal pursuant to section 2—619. *Kozak v. Moiduddin*, 294 Ill. App. 3d 365, 367 (1997).

The specific inquiry on appeal is whether a right of contribution can be assigned. On the one hand, plaintiff asserts that an assignment of the contribution action is valid, as a matter of law, and comports with the Act. Concrete, however, argues that the attempted assignment of the contribution action is invalid because it contravenes the Act.

■ The right to pursue a contribution action is governed by section 2(b) of the Act, which provides:

"(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability" 740 ILCS 100/2(b) (West 1994).

The Illinois Supreme Court found that the Act "is silent as to whether a right of contribution that otherwise exists can be assigned." *Claudy v. Commonwealth Edison Co.*, 169 Ill. 2d 39, 43 (1995).

In a four-to-three decision, the majority in *Claudy* decided that the purported assigned contribution action failed under the particular facts of the case because the settling defendant (the city) did not pay in excess of its effective *pro rata* share of the common liability as required in section 2(b) of the Act. *Claudy*, 169 Ill. 2d at 43. In *Claudy*, the amount of settlement was fixed at a sum certain, *i.e.*, $500,000. *Claudy*, 169 Ill. 2d at 41. The settling defendant paid $400,000 and the workers' compensation awarded to plaintiff was just over $100,000. *Claudy*, 169 Ill. 2d at 43. Based on these facts, the settling defendant could only recover $100,000 in a contribution action against the employer. *Claudy*, 169 Ill. 2d at 44. Therefore, since the settling defendant did not pay more than its effective *pro rata* share, it had no right of contribution to assign and the purported assignment in the settlement agreement was void *ab initio*. *Claudy*, 169 Ill. 2d at 44-45.

Most importantly for the purposes of the present appeal, however, the *Claudy* majority expressly declined to "decide the propriety of an assignment of the right of contribution." *Claudy*, 169 Ill. 2d at 43. In contrast, the dissent directly addressed the issue and believed that a right of contribution is generally assignable. *Claudy*, 169 Ill. 2d at 47 ("a right of contribution is generally assignable") (Nickels, J., dissenting, joined by Bilandic, C.J., and McMorrow, J.). Most certainly, if the majority had ruled on the assignability of a contribution action, we would follow their decision. However, with no statutory or controlling judicial mandate to follow, we view the *Claudy* dissent as persuasive, both in its rationale and its reliance on prior case law, and hold that a contribution action can be assigned.

■ Under well-settled, general common law principles, a right of contribution should be assignable to a nontortfeasor. While torts to property and most contract actions are assignable, actions for personal injury and some contract actions of a personal nature are not assignable. *Claudy*, 169 Ill. 2d at 47 (Nickels, J., dissenting, joined by Bilandic, C.J., and McMorrow, J.) (and cases cited therein). Unlike the cate-

gory of nonassignable actions, a right of contribution is distinct from the underlying tort and instead constitutes an action for the equitable division of damages. *Claudy*, 169 Ill. 2d at 47 (Nickels, J., dissenting, joined by Bilandic, C.J., and McMorrow, J.) (and cases cited therein).

The policies of the Act support the assignment. The two policies underlying the Act are (1) the promotion of settlement, and (2) the equitable sharing of damages. *Claudy*, 169 Ill. 2d at 48 (Nickels, J., dissenting, joined by Bilandic, C.J., and McMorrow, J.). The assignment of the right of contribution promotes both policies by (1) providing an additional means of settling where the parties may have been reluctant to do so and (2) maintaining unchanged the nature of the contribution action, with all defenses available to the employer intact, and the amount of contribution liability because "[b]oth before and after assignment, the employer would be responsible only for the employer's *pro rata* share of the settlement amount." *Claudy*, 169 Ill. 2d at 48 (Nickels, J., dissenting, joined by Bilandic, C.J., and McMorrow, J.). Moreover, prohibiting the assignment of a right of contribution, in effect, contravenes the equitable sharing of damages because "[i]f the right of contribution is eliminated completely, the employer would receive the windfall because the employer would not contribute at all." *Claudy*, 169 Ill. 2d at 49 (Nickels, J., dissenting, joined by Bilandic, C.J., and McMorrow, J.).

■ An employer's protection and rights under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1994)) would not be affected by the assignment of the contribution action. No matter who the contribution plaintiff may be, the employer's liability remains capped at the amount of workers' compensation benefits paid and the employer can still acquire a lien against any award the employee receives from a third party. *Claudy*, 169 Ill. 2d at 49 (Nickels, J., dissenting, joined by Bilandic, C.J., and McMorrow, J.).

Notably, other jurisdictions considered and allowed the assignment of a contribution action. *Claudy*, 169 Ill. 2d at 50-51 (Nickels, J., dissenting, joined by Bilandic, C.J., and McMorrow, J.) (and cases cited therein).

We find further support to allow the assignment of a right of contribution in a more recent case in which the Illinois Supreme Court discussed the assignability of causes of action in general and found:

> "Today, assignability is the rule and nonassignability is the exception. [Citation.] Basically, in Illinois, the only causes of action that are not assignable are torts for personal injuries and actions for other wrongs of a personal nature, such as those that involve the reputation or feelings of the injured party. [Citation.] These limitations are based primarily on public policy concerns." *Kleinwort*

*Benson North America, Inc. v. Quantum Financial Services, Inc.*, 181 Ill. 2d 214, 225 (1998) (the assignee could seek punitive damages).

In *Kleinwort Benson*, the Illinois Supreme Court specifically cited with approval the decision in *Puckett v. Empire Stove Co.*, 183 Ill. App. 3d 181, 191-92 (1989), for the proposition that the "assignment of [a] contribution action does not violate public policy." *Kleinwort Benson*, 181 Ill. 2d at 224-25.

The inescapable conclusion is that an employer retains the identical posture of a contribution defendant, regardless of whether the contribution plaintiff is a settling defendant or a nontortfeasor plaintiff. On the other hand, without an assignment of a right of contribution, the injured employee may be far less likely to settle the matter and could be severely prejudiced by the employer's lien against any award from a settling defendant. For all of the foregoing reasons, we find that a right of contribution under the Act can be assigned.

On cross-appeal, Concrete asserts that the contribution action was filed beyond the applicable four-year statute of limitations and, thus, is time-barred.[1] We agree.

■ The applicable statute of limitations at issue is section 13—214(a), which governs cases involving construction-related accidents. 735 ILCS 5/13—214(a) (West 1994); *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 196 (1992). Section 13—214(a) provides that the limitations period "shall be commenced within 4 years from the time the person bringing an action *** knew or should reasonably have known of" the act or omission giving rise to the action. 735 ILCS 5/13—214(a) (West 1994).

■ The record reveals that the contribution action was filed by Kamm and Contemporary more than five years after they were sued by plaintiff. In November 1988 the initial complaint in the underlying action was filed. On January 24, 1989, the court granted plaintiff leave to file an amended complaint, which first named Kamm. On January

---

[1]As a procedural matter, we note that Concrete initially raised this issue in 1994 and the trial court denied Concrete's motion to dismiss on the limitations ground. In May 1996, Concrete again raised the limitations issue to support its motion to dismiss the contribution action. In its February 9, 1998, order, however, the trial court did not address the limitations issue but, instead, granted Concrete's motion to dismiss the contribution complaint based on its finding that a contribution action could not be assigned. There is no need to address this issue in terms of the 1994 order, as the issue was raised in regard to the 1998 order and we can affirm the trial court's order for any reason appearing in the record (*Leonardi v. Loyola University*, 168 Ill. 2d 83, 97 (1995); *Wilson v. Coronet Insurance Co.*, 293 Ill. App. 3d 992, 994 (1997)).

26, 1989, the trial court entered an order granting Concrete's petition to intervene. On April 4, 1989, the court granted plaintiff leave to file a second amended complaint, which first named Contemporary as a direct defendant. Kamm and Contemporary filed their contribution action against Concrete on May 27, 1994, *i.e.*, more than five years after Kamm and Contemporary were named defendants in the underlying action.

The contribution action filed by Kamm and Contemporary governs the assignment to plaintiff because "an assignment puts the assignee into the shoes of the assignor." *Collins Co. v. Carboline Co.*, 125 Ill. 2d 498, 512 (1988). Therefore, plaintiff steps into the role of Kamm and Contemporary and takes their "interest subject to all legal and equitable defenses existing at the time of the assignment" (*Kelley/Lehr & Associates, Inc. v. O'Brien*, 194 Ill. App. 3d 380, 389 (1990)).

To circumvent the impact of the statute of limitations, plaintiff primarily argues that it would have been "unnecessary and pointless" to file a contribution action against Concrete at an earlier date because the trial court in the underlying action had granted summary judgment in favor of defendants and the summary judgment order was on appeal. The record reveals that the trial court granted defendants' motions for summary judgment on August 15, 1991. On August 23, 1991, plaintiff filed her notice of appeal of the summary judgment order to this court. In 1993, this court entered its opinion, reversing the summary judgment order as to three defendants. On March 30, 1994, the case was reinstated in the trial court.

Quite simply, the "point" of filing the contribution action within the period allowed by the statute of limitations would be to save it from being time-barred. Plaintiff offers no authority either in statutes or case law to support the theory that the statute of limitations is tolled under these circumstances. In fact, case law is the opposite. During the pendency of an appeal, "the judgment of the lower court is not vacated or suspended and *the appeal does not postpone the commencement date of the running of the statute of limitations.*" (Emphasis added.) *Heuberger v. Schwartz*, 41 Ill. App. 2d 28, 35 (1963), citing *Peoria County, Board of Supervisors v. Gordon*, 82 Ill. 435 (1876); *Geisler v. Benken*, 328 Ill. App. 357 (1946); *Anderson v. Patty*, 168 Ill. App. 151 (1912). The exception to this general rule is that "a statute of limitations *** continues to run unless tolling is authorized by statute." *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 356 (1975), citing *United States Fidelity & Guaranty Co. v. Dickason*, 277 Ill. 77, 83 (1917). The applicable statute of limitations did not provide for tolling.

The doctrine of equitable tolling also operates as an exception to the general rule that a statute of limitations is not tolled. "Equitable

tolling may be appropriate if defendant has actively misled plaintiff; plaintiff 'in some extraordinary way' has been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum." *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 285 Ill. App. 3d 1046, 1052 (1996), citing *Walck v. Discavage*, 741 F. Supp. 88, 91 (E.D. Pa. 1990), quoting *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir. 1983). The principles of equitable tolling must be applied with caution. *Ciers*, 285 Ill. App. 3d at 1052; *e.g., Chicago Park District v. Kenroy, Inc.*, 78 Ill. 2d 555, 563-64 (1980) (the concealment of a cause of action tolled the statute of limitations). None of these factors are present in the instant case. Plaintiff's initial complaint in November 1988 identified Concrete as the employer of Clifford Block. Kamm and Contemporary had actual notice of the underlying action and of the status of Concrete as Clifford Block's employer, since they were named defendants in early 1989. Moreover, Concrete intervened in the underlying action in January 1989, within days of Kamm being a named defendant and *before* Contemporary was named as a defendant. Kamm and Contemporary cannot claim that they were in any way misled or prevented from filing their contribution action.

Interestingly, the statute of limitations now applicable to a contribution action provides a two-year statute of limitations, *i.e.*, half the time previously allowed. 735 ILCS 5/13—204(b) (West 1996); *Lucey v. Law Offices of Pretzel & Stouffer Chartered*, 301 Ill. App. 3d 349, 364 (1998) (effective in 1995, actions for contribution have their own statutes of limitations).

We find that the contribution action is time-barred and, therefore, affirm the trial court's order dismissing the contribution action.

Affirmed.

HARTMAN and THEIS, JJ., concur.