FIFTH DIVISION
August 17, 2007

No. 1-06-0161

| | | |
|---|---|---|
| GINA M. WOLFE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 L 3590 |
| | ) | |
| ILENE WOLF, | ) | Honorable |
| | ) | Jeffrey Lawrence, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

This appeal involves two cases that were consolidated before the trial court, one being a legal malpractice action brought by the plaintiff, and the other a breach of contract action brought by the defendant to which plaintiff had filed a counterclaim. Plaintiff appeals the order of the circuit court granting defendant's motion under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2000)) to dismiss plaintiff's legal malpractice complaint and her counterclaim in the defendant's breach of contract action. On appeal, plaintiff argues the trial court erred in ruling that judicial estoppel barred plaintiff from bringing her legal malpractice complaint and her counterclaim. We reverse and remand for further proceedings.

On or about May 10, 2003, plaintiff retained defendant to represent her in the underlying divorce proceeding, In re the Marriage of Gina M. Pinsler and Bruce Pinsler. After negotiations, plaintiff entered into a settlement agreement with her former husband on advice from defendant that the agreement was the "best [plaintiff] could do" and that the terms would give plaintiff more than if the case were to go to trial. The settlement agreement was incorporated into the judgment for dissolution of marriage granted on June 9, 2004. At the prove up, plaintiff testified that she

understood the terms of the settlement, and she also agreed to waive maintenance.

On December 14, 2004, defendant filed a complaint against plaintiff for breach of contract regarding plaintiff's failure to pay for services rendered in the divorce proceeding. Plaintiff filed a counterclaim alleging that defendant had engaged in legal malpractice. On March 31, 2005, plaintiff filed a separate legal malpractice action against defendant. Plaintiff alleged in her legal malpractice action that defendant had failed to discover hundreds of thousands of dollars in the possession of the ex-husband at the time she entered into the agreement. Furthermore, plaintiff alleged that defendant had wrongly informed her that she was not a candidate for maintenance, and she negligently failed to inform plaintiff of her right to interim attorney fees. Plaintiff's complaint for legal malpractice and defendant's complaint for breach of contract were consolidated into a single case.

On September 14, 2005, defendant filed a section 2-619 motion to dismiss the malpractice case. Defendant argued that plaintiff's malpractice claims were barred by her testimony at the prove up that she understood and agreed to the terms of the settlement agreement. Defendant asked the court to dismiss the malpractice claims on the basis of judicial estoppel. The trial court granted the motion on December 7, 2005, dismissing plaintiff's legal malpractice action and her counterclaim to plaintiff's complaint for breach of contract. Plaintiff filed a motion to reconsider that was denied on January 9, 2006. Defendant's cause of action for breach of contract was severed and transferred. On January 13, 2006, plaintiff filed this timely appeal of the order dismissing her legal malpractice action and her counterclaim to defendant's breach of contract action.

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint, but asserts affirmative matter that avoids or defeats the claim. DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006).

No. 1-06-0161

A section 2-619 motion to dismiss admits the truth of all well-pleaded facts in the complaint. Coady v. Harpo, Inc., 308 Ill. App. 3d 153, 158 (1999). The trial court's grant of a section 2-619 motion to dismiss is reviewed de novo. DeLuna, 223 Ill. 2d at 59.

Judicial estoppel provides that a party who asserts a particular position in a legal proceeding is estopped from asserting a contrary position in a subsequent legal proceeding. Bidani v. Lewis, 285 Ill. App. 3d 545, 550 (1996). The doctrine of judicial estoppel is designed to protect the integrity of the courts by preventing litigants from deliberately shifting positions to suit the exigencies of the moment. Bidani, 285 Ill. App. 3d at 550. For judicial estoppel to apply, five elements must be present: (1) the party estopped must have taken two positions; (2) that are factually inconsistent; (3) in a separate judicial or quasi-judicial administrative proceeding; (4) intending the trier of fact to accept the truth of the facts alleged; and (5) have succeeded in the first proceeding and received a benefit thereby. Larson v. O'Donnell, 361 Ill. App. 3d 388, 398 (2005). This court has held that for judicial estoppel to apply, the two positions taken must be "totally inconsistent." (Emphasis added.) Bidani, 285 Ill. App. 3d at 550.

Defendant argues that at the dissolution proceeding, plaintiff unequivocally testified that she understood and agreed to all the terms of the marital settlement agreement and she testified that she took a "full, complete part" in negotiating the terms of the agreement. Defendant contends that plaintiff's testimony at the dissolution proceeding is totally inconsistent with her claim in her malpractice complaint that she did not understand and agree to the marital settlement.

Review of the record indicates that plaintiff's testimony at the dissolution proceeding is not totally inconsistent with her malpractice complaint. In her malpractice complaint, plaintiff alleged that

her testimony at the dissolution proceeding had been predicated on several negligent acts and misrepresentations made to her by the defendant, and that she did not discover those negligent acts and misrepresentations until after the settlement agreement had been entered and the dissolution proceeding had been completed. Specifically, plaintiff alleged that defendant failed to have appraisals made of the ex-husband's numerous business interests; never obtained and/or analyzed financial records of the ex-husband's numerous business ventures; refused to work with a forensic accountant who previously had been retained to investigate the ex-husband's assets and business transactions; failed to discover and recover hundreds of thousands of dollars that the ex-husband had dissipated or concealed; failed to advise her about her right to seek interim attorney fees; and failed to advise her that she was eligible for reviewable maintenance.

In connection with her malpractice complaint, plaintiff filed an affidavit in which she similarly stated that her testimony at the dissolution proceeding had been predicated on several negligent acts and misrepresentations made to her by the defendant. Specifically, plaintiff stated in her affidavit that defendant failed to discover and recover "hundreds of thousands of dollars" in her ex-husband's possession; misrepresented to plaintiff that there were no tools to be used to discover such financial information; misrepresented to plaintiff that she was ineligible to receive substantial maintenance; and told plaintiff she would not take the case to trial without more money, but failed to advise plaintiff of her right to seek interim attorney fees that would have enabled plaintiff to go to trial.

Plaintiff contends that, had defendant conducted meaningful discovery of the husband's assets and informed her that she was eligible for maintenance and for interim attorney fees, she would not have entered into the settlement agreement.

No. 1-06-0161

There is nothing inconsistent about the plaintiff entering a settlement agreement and testifying in support thereof based on representations made to her by the defendant, and later filing a malpractice complaint based on the discovery that the representations made to her by the defendant allegedly were false. This, then, is not a case in which the plaintiff deliberately has shifted positions to suit the exigencies of the moment and is attacking the integrity of the court system. Accordingly, judicial estoppel does not apply.

This case is similar to <u>Mungo v. Taylor</u>, 355 F.3d 969 (7th Cir. 2004). Mungo sued her former attorney for malpractice arising from the attorney's representation of her in a divorce case. <u>Mungo</u>, 355 F.3d at 973. Mungo testified that she was coerced by her attorney into signing the marital settlement agreement and that she did not receive the benefit of proper legal advice from the attorney before signing that agreement. <u>Mungo</u>, 355 F.3d at 981. The attorney argued that the doctrine of judicial estoppel barred such testimony because Mungo testified in the underlying divorce proceeding that she had freely and voluntarily entered into the settlement agreement, that no one forced her to enter the agreement, and that she was pleased with her attorney's representation. <u>Mungo</u>, 355 F.3d at 981.

The Seventh Circuit Court of Appeals found that judicial estoppel did not apply:

"Judicial estoppel is inapplicable here because, contrary to [the attorney's] suggestion, the position espoused by Mungo in this case is not 'clearly inconsistent' with the testimony she gave in the underlying state court divorce proceeding. [Citation] Mungo's position at trial in this case may be summed up as follows: she admits that she agreed to sign the settlement agreement but she contends that her willingness to do so was the product of [the attorney's]

-5-

undue pressure and inadequate legal advice. Mungo's earlier testimony that she entered the settlement agreement freely and voluntarily is not clearly inconsistent with her current conviction that [the attorney] gave her bad legal advice and pressured her into accepting the agreement.

* * *

Finally, *** it would make no sense to permit [the attorney] to invoke the doctrine of judicial estoppel to bar Mungo's testimony because, assuming Mungo's allegations are correct, [the attorney's] bad legal advice and pressure convinced Mungo to give the testimony in the state court divorce proceeding in the first place. As the [lower] court noted, 'it would hardly be appropriate for the attorney who gave that bad advice to say that because her client testified in accordance with that bad advice that her client is estopped from asserting that the advice [is] bad.' " Mungo, 355 F.3d at 981-82.

Similarly, in the present case, plaintiff contends that defendant's alleged misrepresentations effectively coerced her into entering into the settlement agreement and giving the testimony in the dissolution proceeding in support thereof. As in Mungo, the defendant here cannot say that plaintiff's testimony in accordance with the alleged misrepresentations estops her from asserting that the advice was bad.

Defendant argues that Larson v. O'Donnell, 361 Ill. App. 3d 388 (2005), compels a different result. Larson filed a legal malpractice action against his attorneys arising out of the attorneys' representation of Larson in connection with his divorce proceedings. Larson, 361 Ill. App. 3d at 390.

No. 1-06-0161

Larson claimed that his attorneys had misinformed him of his obligation under the marital settlement agreement regarding payments for child support and maintenance. Larson, 361 Ill. App. 3d at 393-94. The trial court granted the attorneys' motion for summary judgment. The trial court found that Larson was estopped from asserting his cause of action because the record of the divorce proceeding established that he understood his obligations under the marital settlement agreement and therefore he could not take the inconsistent position in the later proceedings that he did not understand his obligations. Larson, 361 Ill. App. 3d at 394.

The appellate court affirmed, noting that at the hearing to approve the marital settlement, Larson had interrupted to clarify his understanding of his obligations under the marital settlement agreement. Larson, 361 Ill. App. 3d at 392-93, 398. As a result, he knew and understood his obligations when he signed the agreement. Larson, 361 Ill. App. 3d at 398. The appellate court held Larson was judicially estopped from testifying in the malpractice case that he did not understand those obligations. Larson, 361 Ill. App. 3d at 398.

In the present case, defendant points to plaintiff's testimony in the divorce proceedings, in which she stated that she was agreeing to waive maintenance and attorney fees, as evidence that she understood her obligations and rights under the marital settlement agreement. Defendant also points to the marital settlement agreement itself, which states that plaintiff was fully informed of her ex-husband's wealth, property, and income. Defendant contends that, as in Larson, plaintiff should be judicially estopped from asserting in the malpractice case that she did not understand her obligations under the marital settlement agreement.

Defendant's argument is not well-taken, as plaintiff here is not alleging that she misunderstood

her obligations under the settlement agreement; rather, she is alleging that the defendant's negligent misrepresentation did not permit her to make an informed decision about accepting the settlement agreement. As discussed, plaintiff alleges in her legal malpractice complaint and in her uncontradicted affidavit that her attorney failed to conduct sufficient discovery, misrepresented that no discovery was available to learn of the ex-husband's other assets, misrepresented that plaintiff was not entitled to maintenance, and failed to tell plaintiff of her right to seek interim attorney fees allowing her to go to trial. Unlike in Larson, in which the client's statements during the divorce proceedings clearly contradicted his position in the malpractice case, no such showing was made here. Specifically, there was no testimony at the divorce proceeding demonstrating that defendant had told plaintiff that she could obtain interim attorney fees to pay her attorney or experts so the case could be taken to trial; or that defendant told plaintiff she could have made further investigation into her ex-husband's business and financial assets; or even that she had been told of the amount of maintenance to which she was entitled. On these facts, then, where plaintiff's testimony during the divorce proceedings did not contradict her position in the malpractice action, Larson is inapposite.

As discussed, plaintiff is not judicially estopped from bringing a malpractice action. Accordingly, we reverse the order dismissing the malpractice action and remand for further proceedings.

Defendant, however, argues that her alleged misconduct is not a proximate cause of plaintiff's injury and urges this court to affirm the trial court's judgment on that basis. A legal malpractice claim must have the following elements: (1) existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) negligent act or omission constituting a breach of that duty; (3)

proximate cause establishing that "but for" the attorney's negligence, plaintiff would have prevailed in the underlying action; and (4) actual damages. Lucey v. Law Offices of Pretzel & Stouffer, Chartered, 301 Ill. App. 3d 349, 353 (1998). Defendant contends that at the time plaintiff filed this legal malpractice action, plaintiff still had time to file a section 2-1401 (735 ILCS 5/2-1401 (West 2000)) petition against her ex-husband to set aside the marital settlement and dissolution agreement. Defendant contends that since plaintiff had a viable cause of action against her former spouse at the time she retained subsequent counsel, the defendant attorney's alleged negligence is not a proximate cause of her injury.

In support, defendant cites Mitchell v. Schain, Fursel & Burney, Ltd., 332 Ill. App. 3d 618 (2002). In Mitchell, the plaintiff hired the defendants to represent him in a property dispute matter and the case was subsequently dismissed for want of prosecution. Without knowledge of the dismissal, plaintiff discharged defendants and hired another attorney who failed to pursue the matter before time expired. The plaintiff then filed a malpractice claim against defendants for their negligent handling of his case. Mitchell, 332 Ill. App. 3d at 619. The court in Mitchell held that because the second attorney could have refiled the case, and the cause of action was viable well after the defendants were discharged, defendants' negligence was not the proximate cause of plaintiff's damages, the loss of a viable cause of action. Mitchell, 332 Ill. App. 3d at 622.

Mitchell would be on point if plaintiff here were only pursuing a cause of action against her ex-husband. Because such a cause of action was viable after defendant was discharged, and the second attorney could have filed the case before the expiration of the statute of limitations, defendant's negligence in failing to pursue a cause of action against the ex-husband would not be a

proximate cause of plaintiff's injuries. Here, though, plaintiff is pursuing a legal malpractice action against the defendant that relies on facts independent of those needed to sustain a cause of action against her ex-husband; specifically, plaintiff alleges that defendant misrepresented to plaintiff that she was not eligible for maintenance and failed to inform her that she was entitled to interim attorney fees that would have enabled her to go to trial. These allegations of negligence against the defendant are independent of any cause of action against the ex-husband and, if proved, are the proximate cause of her injuries. Accordingly, as discussed, we reverse the order dismissing plaintiff's legal malpractice action against the defendant, and remand for further proceedings.

In the same order dismissing plaintiff's legal malpractice action, the trial court also dismissed plaintiff's counterclaim in defendant's breach of contract action. That counterclaim largely mirrored plaintiff's complaint for legal malpractice, as it similarly alleged that defendant had failed to engage in thorough discovery of the ex-husband's financial assets, failed to inform plaintiff of her right to seek interim attorney fees, and failed to advise her that she was eligible for reviewable maintenance. Apparently finding that judicial estoppel applied, the trial court dismissed plaintiff's counterclaim; plaintiff filed a timely appeal therefrom. For the same reasons discussed above regarding plaintiff's legal malpractice action, the trial court erred in dismissing plaintiff's counterclaim on the basis of judicial estoppel. Accordingly, we reverse the order dismissing plaintiff's counterclaim and remand for further proceedings.

Reversed and remanded.

TULLY and O'MARA FROSSARD, JJ.'s concur.