No. 2--07--1065      Filed: 10-22-08

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| ALBERT GIANNINI and MARIO GIANNINI, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06--L--147 |
| KUMHO TIRE U.S.A., INC., KUMHO INDUSTRIAL COMPANY, LTD., f/k/a Kuhmo Tire Company, Ltd., and DISCOUNT TIRE COMPANY, | ) ) ) ) ) | |
| Defendants and Third-Party Plaintiffs-Appellants | ) ) ) | |
| (A & M Corporation and A & M Sewer, Inc., Third-Party Defendants-Appellees). | ) ) ) | Honorable F. Keith Brown, Judge, Presiding. |

_____

JUSTICE McLAREN delivered the opinion of the court:

Defendants and third-party plaintiffs, Kumho Tire U.S.A., Inc., Kumho Industrial Company, Ltd., f/k/a Kumho Tire Co., Ltd., and Discount Tire Company (The Tire Companies), appeal the dismissal of their amended complaint for contribution against third-party defendants A & M Corporation and A & M Sewer, Inc. (A & M). The trial court granted dismissal based on its determination that the statute of limitations was not tolled while the case was on appeal. We reverse and remand.

On June 24, 2003, plaintiffs, Albert and Mario Giannini, filed in the circuit court of Cook County a product liability action against the Tire Companies, alleging that they suffered injuries resulting from an automobile accident on June 25, 2001. Plaintiffs alleged that they were driving a Chevy pickup truck east on Interstate 90 in Kane County when the truck's rear driver's-side tire failed, causing the vehicle to crash. Plaintiffs did not allege that at the time of the accident they were employed, driving a company vehicle, or driving within the scope of their employment.

Kumho Tire U.S.A. was served with plaintiffs' complaint on July 1, 2003. Discount Tire was served with plaintiffs' complaint on July 17, 2003, and Kumho Industrial was served with plaintiffs' complaint on August 21, 2003.

On October 28, 2003, Kumho Tire U.S.A. filed a motion to transfer the case to Kane County based on forum non conveniens. The Cook County trial court denied Kumho Tire U.S.A.'s motion to transfer and, on May 20, 2004, the Appellate Court, First District, granted its petition for leave to appeal pursuant to Supreme Court Rule 306 (210 Ill. 2d R. 306). On November 14, 2005, the appellate court reversed the Cook County trial court and remanded the case with directions that it be transferred to the circuit court of Kane County. Giannini v. Kumho Tire U.S.A., Inc., No. 1--04--1023 (2005) (unpublished order under Supreme Court Rule 23).

Plaintiffs' answers to interrogatories identified "A & M Corporation" as their employer at the time of the accident. On May 16, 2006, Kumho Tire U.S.A. and Discount Tire filed motions for leave to file a third-party complaint for contribution against A & M.

On May 26, 2006, Milwaukee Mutual Insurance Company (Milwaukee Mutual) filed a petition to intervene as subrogee of A & M. When the petition was filed, A & M was not a party to the lawsuit. The petition alleged that, at the time of plaintiffs' accident, plaintiffs were employed

by A & M and that Milwaukee Mutual was A & M's workers' compensation carrier. The trial court granted Milwaukee Mutual's petition.

On June 1, 2006, with the trial court's leave, Kumho Tire U.S.A. and Discount Tire filed a complaint for contribution against third-party A & M. On August 28, 2006, the trial court granted their motions for leave to file an amended third-party complaint. The trial court also allowed Kumho Industrial to join the amended third-party complaint. The Tire Companies filed their amended third-party complaint for contribution against A & M on September 5, 2006.

On March 13, 2007, A & M filed a motion under section 2--619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2--619(a)(5) (West 2006)) to dismiss the amended third-party complaint for contribution, alleging that the third-party complaint was barred because it had been filed more than two years after the Tire Companies had been served with plaintiffs' underlying complaint, in violation of section 13--204(b) of the Code (735 ILCS 5/13--204(b) (West 2006)). Relying on Block v. Pepper Construction Co., 304 Ill. App. 3d 809 (1999), the trial court reasoned that the limitations period was not tolled while this case was on appeal and granted the motion to dismiss. This timely appeal followed.

STANDARD OF REVIEW

Section 2--619(a)(5) of the Code allows for the dismissal of a cause of action if "the action was not commenced within the time limited by law." 735 ILCS 5/2--619(a)(5) (West 2006). A motion to dismiss pursuant to section 2--619 of the Code admits all well-pleaded facts and reasonable inferences drawn from those facts. Porter v. Decatur Memorial Hospital, 227 Ill. 2d 343, 352 (2008). Additionally, a section 2--619 motion admits the legal sufficiency of the complaint but asserts affirmative matter to avoid or defeat the claim. Financial Freedom v. Kirgis, 377 Ill. App.

3d 107, 122 (2007).  We review <u>de novo</u> the trial court's ruling on a section 2--619 motion.  <u>Porter</u>, 227 Ill. 2d at 352.

ANALYSIS

On appeal, the Tire Companies argue that the trial court erred by dismissing its amended third-party complaint, because the two-year statute of limitations was tolled while this case was on appeal pursuant to Rule 306.

In interpreting a supreme court rule, we must follow the same guidelines as for statutory interpretation.  <u>Longstreet v. Cottrell, Inc.</u>, 374 Ill. App. 3d 549, 552 (2007).  The goal of the court is to interpret the rule by ascertaining and giving effect to the drafter's intentions.  <u>In re Estate of Rennick</u>, 181 Ill. 2d 395, 404-05 (1998).  Therefore, the words used by the supreme court should be given their plain, ordinary, and popularly understood meanings, as are the words used in a statute. See <u>Nix v. Whitehead</u>, 368 Ill. App. 3d 1, 5 (2006).  We review <u>de novo</u> the interpretation of a supreme court rule.  <u>Rennick</u>, 181 Ill. 2d at 401.

Rule 306 provides in pertinent part:

"(a)  Orders Appealable by Petition.  A party may petition for leave to appeal to the Appellate Court from the following orders of the trial court:

\*\*\*

(2) from an order of the circuit court allowing or denying a motion to dismiss on the grounds of <u>forum non conveniens</u>, or from an order of the circuit court allowing or denying a motion to transfer a case to another county within this State on such grounds;

\* \* \*

(g) Stay; Notice of Allowance of Petition. If the petition is granted, the proceedings in the trial court are stayed. Upon good cause shown, the Appellate Court or a judge thereof may require the petitioner to file an appropriate bond. Within 48 hours after the granting of the petition, the clerk shall send notice thereof to the clerk of the circuit court." 210 Ill. 2d Rs. 306(a)(2), (g).

The plain and ordinary meaning of the word "stay" is: "1: to halt an advance: stop going forward: PAUSE." Webster's Third New International Dictionary 2231 (1993).

In this case, there is no dispute that the Tire Companies' petition for leave to appeal was granted, and there is no dispute that it was an appeal from an order of the circuit court allowing a motion to dismiss on the grounds of forum non conveniens. Therefore, according to Rule 306(g), "the proceedings in the trial court [were] stayed" (210 Ill. 2d R. 306(g) or stopped, paused, or halted. See Webster's Third New International Dictionary 2231 (1993).

Illinois case law provides that statutory stay provisions toll statutory limitations periods. See Garbe Iron Works, Inc. v. Priester, 110 Ill. App. 3d 948, 952 (1982). While there are no Illinois cases addressing the stay granted in Rule 306, Garbe Iron Works held that the two-year statute of limitations for filing a mechanics' lien foreclosure was tolled by the automatic stay provision contained in the Federal Bankruptcy Act (11 U.S.C. §362(a)(1) (1982)). See Garbe Iron Works, 110 Ill. App. 3d at 951.

There is no dispute that, with the 18-month stay in effect during the appellate process, the Tire Companies filed their complaint against A & M in a timely manner. The record reveals that, before and after the stay, less than two years had elapsed before they filed. Section 13--204(b)

allows two years for such filings. Accordingly, we reverse the order dismissing the Tire Companies' claims against A & M, and we remand the cause to the trial court for further proceedings.

Furthermore, because the proceedings were stayed, the trial court would have had no subject matter jurisdiction to grant either the Tire Companies' motion for leave to file the complaint or A & M's motion to dismiss had it been filed during the appeal period. See Cohen v. Salata, 303 Ill. App. 3d 1060, 1066 (1999). Therefore, if we were to adopt A & M's and the trial court's interpretation of Rule 306, that the statute of limitations ran during the stay period, the resulting preclusion of rights would cause a grave injustice and would do violence to the concept of a stay of proceedings. See Cohen, 303 Ill. App. 3d at 1066. We believe that this interpretation is irrational. See DeLuna v. Burciaga, 223 Ill. 2d 49, 60 (2006) ("In construing a statute, we presume that the legislature, in its enactment of legislation, did not intend absurdity, inconvenience or injustice").

In Cohen, the plaintiff filed a medical malpractice claim against the defendants in state court. Cohen, 303 Ill. App. 3d at 1061. Two weeks before the plaintiff's filing, the defendants filed for bankruptcy protection in Federal court. Section 362(a)(1) of the Federal Bankruptcy Act provides that a bankruptcy petition " 'operates as a stay, applicable to all entities, of the commencement or continuation *** of a judicial *** action or proceeding against the debtor that was or could have been commenced' " before the debtor filed for protection under the bankruptcy laws. Cohen, 303 Ill. App. 3d at 1064, quoting 11 U.S.C. §362(a)(1) (1994). The trial court granted the defendants' motion to dismiss. Cohen, 303 Ill. App. 3d at 1061. The appellate court held that an automatic stay due to the defendants' pending bankruptcy case prevented the trial court from acquiring jurisdiction over the plaintiff's malpractice action. Cohen, 303 Ill. App. 3d at 1066. Therefore, instead of granting the motion to dismiss, the trial court should have simply announced that it lacked subject

matter jurisdiction. Cohen, 303 Ill. App. 3d at 1066. The appellate court vacated the trial court's order, holding that it was void for lack of subject matter jurisdiction. Cohen, 303 Ill. App. 3d at 1066.

A & M argues that Rule 306, Garbe, and Cohen do not apply to this case because they do not address contribution claims. Rule 306 does not specifically mention contribution claims, and A & M proposes that the general and broad language of Rule 306 somehow excludes contribution claims. Rule 306(g) provides, "If the petition [for leave to appeal to the appellate court] is granted, the proceedings in the trial court are stayed." 210 Ill. 2d R. 306(g). Nothing in this general and broad language indicates that it excludes any type of claim. To interpret this rule as excluding contribution claims would be absurd. See DeLuna, 223 Ill. 2d at 60.

Further, although Garbe and Cohen address stays provided by the Federal Bankruptcy Act, Cohen also stands for the proposition that the trial court has no subject matter jurisdiction when a case is stayed and, thus, has no power to enter any orders during that time period. See Cohen, 303 Ill. App. 3d at 1066. Garbe stands for the proposition that statutory stay provisions toll statutory limitations periods. See Garbe, 110 Ill. App. 3d at 952. The fact that these cases do not address Illinois contribution claims does not render them irrelevant to this case or diminish their persuasiveness or applicability.

In addition, to support its position, A & M relies on Block, 304 Ill. App. 3d 809, the case relied on by the trial court. However, Block is distinguishable from this case. In Block, the issue was whether the four-year statute of limitations governing construction-related accidents, pursuant to section 13--214(a) of the Code (735 ILCS 5/13--214(a) (West 1994)), was tolled while the case was on appeal after entry of a final judgment pursuant to Supreme Court Rule 303 (the plaintiff

appealed the granting of summary judgment, which was governed by Rule 303 (134 Ill. 2d R. 303)). Block, 304 Ill. App. 3d at 815. The most important distinction between Block and this case is that Rule 303 did not contain an automatic stay provision, while Rule 306, the rule at issue in this case, does contain an automatic stay provision. Thus, on that distinction alone, Block is not controlling. Furthermore, the plaintiff in Block offered no authority to support her position that the limitations period was tolled, pending appeal. Block, 304 Ill. App. 3d at 816. In this case, the Tire Companies cited Rule 306(g) as well as numerous cases to support their position. Thus, Block is not applicable to this case. A & M argues that the Tire Companies are judicially estopped from arguing that the case was stayed while on appeal, because, during the appeal period, they appeared before the trial court and filed motions. A & M ignores the fact that, during that period, the trial court had no subject matter jurisdiction. Cohen, 303 Ill. App. 3d at 1066.

Further, for judicial estoppel to apply: (1) the party estopped must have taken two positions; (2) that are factually inconsistent; (3) in separate judicial or quasi-judicial administrative proceedings; (4) intending the trier of fact to accept the truth of the facts alleged; and (5) have succeeded in the first proceeding and received a benefit thereby. Wolfe v. Wolf, 375 Ill. App. 3d 702, 705 (2007). The doctrine of judicial estoppel does not apply to all types of inconsistencies, but only to factual inconsistencies. See People v. Jones, 223 Ill. 2d 569, 598 (2006) (the State was not judicially estopped from changing its position on whether a surcharge under section 5--9--1.1(c) of the Unified Code of Corrections (730 ILCS 5/5--9--1.1(c) (West 2004)) for a spinal research fund was a "fee" rather than a "fine" because these positions were "legally inconsistent," not "factually inconsistent"). The argument the Tire Companies make in this appeal is legally inconsistent, but not factually inconsistent, with the filing of their motions in the trial court during the appeal period.

Therefore, judicial estoppel does not apply. See <u>McNamee v. Sandore</u>, 373 Ill. App. 3d 636, 649-50 (2007) (this court held that judicial estoppel did not apply where a plaintiff alleged in a prior malpractice action that a physician was the agent or apparent agent of a hospital and later claimed in a subsequent action that the physician was an employee of the hospital, because it was a legal and not a factual conclusion). Therefore, A & M's argument regarding judicial estoppel fails.

For these reasons, the trial court's order granting the motion to dismiss is reversed, and the cause is remanded to the trial court for further proceedings.

Reversed and remanded.

BOWMAN and BURKE, JJ., concur.