2023 IL App (2d) 220299-U
No. 2-22-0299
Order filed July 5, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| SIRENA K. ARNAOUT | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21-LA-279 |
| | ) | |
| CHRYSOULA C. TSITSIS, a/k/a | ) | |
| Kris Tsitsis, | ) | Honorable |
| | ) | Thomas A. Meyer, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The doctrine of judicial estoppel barred plaintiff's legal malpractice claim alleging that, in marriage dissolution proceedings between plaintiff and her husband, an attorney-client relationship formed between plaintiff and defendant, her husband's attorney. The doctrine applied based on plaintiff's contrary assertions in the dissolution proceedings that she was representing herself.

¶ 2    Plaintiff, Sirena K. Arnaout, appeals from an order of the circuit court of McHenry County dissmissing, pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2020)), her legal malpractice lawsuit against defendant, Chrysoula C. Tsitsis, a/k/a

Kris Tsitsis. The trial court ruled that plaintiff was judicially estopped from claiming an attorney-client relationship between defendant and plaintiff. We affirm.

¶ 3                              I. BACKGROUND

¶ 4     Plaintiff filed her complaint against defendant on October 13, 2021, claiming defendant breached her fiduciary duty to plaintiff and caused damages. Plaintiff alleged that she was previously involved in a proceeding for the dissolution of her marriage to Andrew S. Arnaout. Andrew assured plaintiff that the proceedings "could be *** amicable, friendly, and inexpensive *** as each party was aware of everything the other had *** and there was no reason for each party to have an attorney." Andrew said that "*their* lawyer" (emphasis in original), defendant, "would take care of everything for both parties." Plaintiff further alleged that she consulted with defendant continuously, receiving legal advice on filing her own appearance in the dissolution proceedings. According to the complaint, defendant, in fact, prepared and filed the appearance for her. Plaintiff alleged that, based on defendant's actions, an attorney-client relationship arose. Later, while negotiating a settlement of the divorce, defendant provided faulty advice to plaintiff. Defendant's advice caused plaintiff to accept the settlement, and plaintiff suffered damages as a result. Plaintiff alleged that defendant breached her fiduciary duty as plaintiff's attorney by providing faulty advice.

¶ 5     Defendant filed a motion pursuant to section 2-619(a)(9) to dismiss the complaint. Defendant asserted that there was no attorney-client relationship between her and plaintiff. In support of her motion, defendant submitted a declaration pursuant to section 1-109 of the Code (*id.* § 1-109), stating that she was a licensed attorney and had been retained by Andrew to represent him in proceedings for the dissolution of his marriage to plaintiff. Defendant was never engaged to represent plaintiff and never agreed to represent plaintiff. Defendant attached a copy of the

judgment of dissolution, which incorporated plaintiff's and Andrew's "Marital Settlement Agreement" (MSA) and an "Allocation Judgment" (AJ) governing parental rights and responsibilities. Plaintiff and Andrew signed both the MSA and the AJ. The MSA stated, in pertinent part, "Andrew has been represented by [defendant], as his attorney. [Plaintiff] has chosen to represent herself and fully understands that [defendant] does not represent her[.]" The AJ recited, in pertinent part, "Andrew has employed and ha[s] the benefit of counsel of [defendant] as his attorney *** and [plaintiff] has chosen to represent herself although she has had the opportunity to consult with his [*sic*] own counsel."

¶ 6    Plaintiff responded to the motion to dismiss. She attached her affidavit, averring that defendant "repeated [*sic*] stated that she was acting as the attorney on both [plaintiff's and Andrew's] behalf" and that plaintiff "believed [defendant] was acting as both [plaintiff's] attorney and [Andrew's] attorney during [their] divorce." Defendant replied, arguing, *inter alia*, that the doctrine of judicial estoppel barred plaintiff from claiming an attorney-client relationship existed between defendant and plaintiff. Plaintiff filed a surreply, claiming that two requirements for judicial estoppel were absent. First, citing *Wolfe v. Wolf*, 375 Ill. App. 3d 702 (2007), plaintiff argued that she had not taken inconsistent positions in the dissolution proceedings and the legal malpractice action. Second, she argued that she had not "succeeded" or received a benefit in the dissolution proceedings, which is normally a prerequisite to applying the judicial-estoppel doctrine. See *Seymour v. Collins*, 2015 IL 118432, ¶ 36. Defendant filed a "Rejoinder," arguing that *Wolfe* was distinguishable and that plaintiff benefited in the dissolution proceedings because the MSA awarded her 68% of the equity in the marital home and required Andrew to pay virtually all of the expenses of his and plaintiff's children until they completed high school.

¶ 7    Following a hearing, the trial court granted defendant's motion to dismiss, finding that "judicial estoppel applie[d] to bar Plaintiff from asserting that an attorney-client relationship existed between Plaintiff and Defendant in the underlying divorce action[.]" Plaintiff moved for reconsideration. The trial court denied the motion, and this appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9    Plaintiff argues that the trial court erred in dismissing her complaint as barred by the doctrine of judicial estoppel.

¶ 10   "Section 2-619 of the Code [(735 ILCS 5/2-619 (West 2020))] provides a means for a defendant to obtain a summary dismissal of issues of law or easily proved issues of fact." *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶ 21. A motion to dismiss under subsection 2-619(a)(9) admits the legal sufficiency of the plaintiff's complaint but raises an affirmative defense or "other affirmative matter avoiding the legal effect of or defeating the claim [(735 ILCS 5/2-619(a)(9) (West 2020))]." See *Rehfield*, 2021 IL 125656, ¶ 21.

        "The affirmative matter 'must be apparent on the face of the complaint' or 'be supported by affidavits or certain other evidentiary materials.' [Citation.]

        The defendant bears the initial burden of establishing the existence of an affirmative matter by providing adequate affidavits or other supporting evidence. [Citation.] Once the defendant satisfies its burden, the burden shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. [Citation.] Evidentiary facts asserted in a defense affidavit are deemed admitted unless the plaintiff submits a counteraffidavit to refute those facts. [Citation.] All pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party. [Citation.] 'If, after considering the pleadings and affidavits, the trial judge finds that

the plaintiff has failed to carry the shifted burden of going forward, the motion may be granted and the cause of action dismissed.' [Citation.]

Upon review of the trial court's dismissal pursuant to section 2-619, the reviewing court must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. [Citation.] Our standard of review for dismissals under *** [section] 2-619 is *de novo*. [Citation.]" *Id.* ¶¶ 21-23.

" '[A]ffirmative matter,' in a section 2-619(a)(9) motion, is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 486 (1994).

¶ 11 With these principles in mind, we consider whether the trial court erred in dismissing plaintiff's complaint. The elements of a cause of action for legal malpractice are: "(1) the existence of an attorney-client relationship, (2) a negligent act or omission constituting a breach of the attorney's duty to the client, which (3) was the proximate cause of the plaintiff's injury, and (4) resulted in actual damages." *Powers v. Doll*, 2022 IL App (2d) 210007, ¶ 24. The trial court ruled that plaintiff could not bring a legal malpractice claim against defendant because plaintiff was judicially estopped from asserting that an attorney-client relationship existed between the parties. "Judicial estoppel applies in a judicial proceeding when litigants take a position, benefit from that position, and then seek to take a contrary position in a later proceeding." *Seymour*, 2015 IL 118432, ¶ 36. In general, there are five requirements for invoking the doctrine:

"The party to be estopped must have (1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or quasi-judicial administrative proceedings,

(4) intending for the trier of fact to accept the truth of the facts alleged, and (5) have succeeded in the first proceeding and received some benefit from it." *Id.* ¶ 37.

¶ 12    On appeal, plaintiff insists (as she did in the proceedings below) that (1) she did not take factually inconsistent positions in the dissolution proceedings and the legal malpractice lawsuit and (2) she did not "succeed" or receive a "benefit" in the dissolution proceedings. Thus, according to defendant, judicial estoppel does not apply.

¶ 13    We first consider whether plaintiff took factually inconsistent positions in the dissolution proceedings and the legal malpractice lawsuit. Because this appeal arises from the dismissal of the lawsuit pursuant to section 2-619, we must first consider whether there is a genuine issue of material fact in this respect. Here, the relevant facts are undisputed. Thus, we determine whether dismissal was proper as a matter of law. We hold that it was.

¶ 14    In the divorce proceedings, plaintiff signed the MSA, which acknowledged that defendant represented Andrew and that plaintiff had "chosen to represent herself; she fully [understood] that [defendant did] not represent her[.]" Plaintiff also signed the AJ, in which the trial court found that Andrew "[had] employed and had the benefit of counsel of [defendant] as his attorney *** and [plaintiff had] chosen to represent herself although she has had the opportunity to consult with his [*sic*] own counsel." In contrast, in her malpractice complaint, plaintiff alleged that "an attorney-client relationship arose between Defendant and Plaintiff[.]"

¶ 15    Denying that she took factually inconsistent positions, plaintiff argues as follows:

> "Although Plaintiff testified at the prove up that she agreed to the terms of the [MSA], and even though she signed off on the agreement, this was all done based on the negligent advice given her by *** Defendant. Thus, Plaintiff's agreement and testimony at the prove up was clouded by Defendant's wrongful actions."

This argument lacks merit and is borderline frivolous. Plaintiff stated in the MSA and AJ that she was not being represented by defendant, which is *clearly* inconsistent with her position in the underlying litigation that defendant acted as her counsel. Plaintiff could have argued that she only signed the MSA and AJ based on defendant's advice, and that the trial court therefore abused its discretion in applying judicial estoppel. See *Seymour v. Collins*, 2015 IL 118432, ¶ 47. However, defendant's alleged representations do not eliminate the inconsistent statements themselves.

¶ 16    Plaintiff cites *Wolfe* to support this argument. In that case, the plaintiff retained the defendant to represent her in dissolution of marriage proceedings. *Wolfe*, 375 Ill. App. 3d at 704. On the defendant's advice, the plaintiff entered into a marital settlement agreement in which she agreed to waive maintenance. *Id.* At the prove-up, the plaintiff testified that she understood the terms of the settlement and that she agreed to waive maintenance. *Id.* The plaintiff later filed a legal malpractice action against the defendant, alleging that the defendant failed to discover hundreds of thousands of dollars in the plaintiff's former husband's possession and incorrectly advised the plaintiff that she was not a candidate for maintenance. *Id.* The defendant moved to dismiss pursuant to section 2-619 of the Code based on judicial estoppel. *Id.* She contended that the plaintiff's malpractice claim was barred by the plaintiff's prove-up testimony that she understood and agreed to the terms of the settlement agreement. *Id.* The trial court granted the motion. *Id.* On appeal, the *Wolfe* court reversed, reasoning as follows:

> "There is nothing inconsistent about the plaintiff entering a settlement agreement and testifying in support thereof based on representations made to her by the defendant[,] and later filing a malpractice complaint based on the discovery that the representations made to her by the defendant allegedly were false. This, then, is not a case in which the plaintiff deliberately has shifted positions to suit the exigencies of the moment and is

attacking the integrity of the court system. Accordingly, judicial estoppel does not apply."

*Id.* at 706.

¶ 17    *Wolfe* is readily distinguishable from the case at bar. Defendant's theory of judicial estoppel is not that plaintiff made conflicting statements about whether she understood the MSA. Rather, defendant's theory is that plaintiff made conflicting statements about whether defendant was her attorney. Whereas the plaintiff in *Wolfe* made statements in the dissolution proceeding based upon representations made by the defendant that she later learned were false, here plaintiff's statements in the dissolution proceedings were directly contrary to what she now claims defendant had told her. According to plaintiff's affidavit, defendant "repeated [*sic*] stated that she was acting as the attorney on both [plaintiff's and Andrew's] behalf." Plaintiff's affidavit further stated, "I believed that [defendant] was acting as both my attorney and [Andrew's] attorney during our divorce."

¶ 18    Plaintiff also maintains that she received no benefit in the dissolution proceedings. Plaintiff cites no authority and advances no reasoned argument supporting this assertion. She simply declares that she "hardly succeeded in the first proceeding *** as evidenced by the filing of the malpractice [c]omplaint." Points not argued in an appellant's brief are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). It is well established that "[a] reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument or research." *People v. Patel*, 2020 IL App (2d) 190532, ¶ 37. Plaintiff's single-sentence "argument" is insufficient to warrant our review.

¶ 19    Accordingly, plaintiff has failed to establish that the trial erred in dismissing her complaint as barred by judicial estoppel.

¶ 20                                III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 22    Affirmed.