(No. 32460.—

ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(DOMINIC TRIPODI, Defendant in Error.)

*Opinion filed March 23, 1953.*

HUNTER, HUNTER & HUNTER, of Freeport, (JOSEPH H. WRIGHT, CHARLES A. HELSELL, JOHN W. FREELS, and HERBERT J. DEANY, all of Chicago, and ROBERT C. HUNTER, of Freeport, of counsel,) for plaintiff in error.

BURT & SCHIRMER, (MARVIN F. BURT, of counsel,) both of Freeport, for defendant in error.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

Defendant in error, Dominic Tripodi, hereafter called petitioner, filed an application for adjustment of claim with the Industrial Commission, seeking compensation for injuries received while in the employ of plaintiff in error, Illinois Central Railroad Company, hereafter called respondent. The arbitrator denied him relief, finding that the relationship between the parties was one which was not subject to the provisions of the Workmen's Compensation Act. Upon review, the commission set aside the decision of the arbitrator and awarded compensation to petitioner, and, upon *certiorari,* the circuit court of Stephenson County sustained the decision of the commission. We have granted a writ of error to review the judgment of the circuit court.

There is no question raised as to the amount of compensation and the only question presented to us is whether, at the time of the accident, the relationship between petitioner and respondent was such as to bring them within the terms of the act. This, in turn, depends solely upon whether petitioner was employed in interstate commerce at the time of his injury. If so, the Federal Employer's Liability Act applies and he was not subject to the Illinois act. (Ill. Rev. Stat. 1949, chap. 48, par. 142.) We have recently had occasion to consider similar questions in *Walden* v. *Chicago and North Western Railway Co.* 411 Ill. 378, and *Ernhart* v. *Elgin, Joliet and Eastern Railway Co.* 405 Ill. 577. The rule as laid down in these cases is that the Federal act applies if the activity in which the employee is engaged at the time of the accident is in furtherance of interstate commerce or directly or closely and substantially affects such commerce. It is not enough that the employee's general duties were in, or affected, interstate commerce. A further rule is that where the facts are in dispute, or more than one inference can be drawn from them, the question whether an injured employee was engaged in inter-

state commerce is a question of fact, and, conversely, where the facts are not disputed and no conflicting inferences can be drawn therefrom, the question is one of law. (*McManaman* v. *Johns-Manville Products Corp.* 400 Ill. 423.) In the latter event, this court is not bound by the decision of the commission on the question.

The material facts here are undisputed and we are of the opinion that there is only one reasonable inference to be drawn therefrom.

Petitioner was employed by respondent as a section hand at Freeport, Illinois. On the date of the accident he reported for work at about 8 o'clock and was sent by his foreman to clean out and drain switches along the track west of the station. It was a windy winter day and the yards were full of snow, water and ice. Petitioner found a switch that was not working properly due to an accumulation of ice, snow, and debris around the switch and in a ditch that served to drain the switch. At this point, there were six parallel tracks, one of which was known as the New Middle track which lay to the west of the two main tracks. This switch was located on the New Middle track and was for the purpose of switching traffic from that track to a spur track leading to a local factory. The ditch referred to originated at the switch, and ran easterly, traversing the two main tracks. The portion of the switch between the main tracks and in the main tracks themselves was covered by boards. Petitioner commenced to clear out the ditch, and, in removing the boards, damaged them so that they could not be used again for covers. He worked until about 3 o'clock cleaning out the ditch so that it drained properly. He then went to get some boards to make a temporary cover for the ditch. At the freight house, which was approximately one-quarter mile from where he had been working, he found a grain door, which was about 7 feet long and 18 inches wide. While on his way back to the

ditch, carrying this door on his shoulder, he fell, sustaining the injuries for which he sought compensation.

It is undisputed that the shipments to and from the factory served by the spur track were predominately interstate. The switch was therefore an instrumentality of interstate commerce, and while petitioner was actually engaged in draining the switch, there can be no question but that he was engaged in such commerce and subject to the Federal act.

Petitioner argues, however, on the basis of our opinions in *Walden* v. *Chicago and North Western Railway Co.* 411 Ill. 378, and *Ernhart* v. *Elgin, Joliet and Eastern Railway Co.* 405 Ill. 577, that this is immaterial, since he had completed draining the switch and was getting a cover for the ditch when he was injured. It is urged that we consider only the acts of petitioner at the exact time of his injury, which are claimed to be local in nature. Our holdings in these cases do not justify such a conclusion. From an examination of the cases discussed in the *Ernhart case*, it will be seen that we were considering the situation where an employee is customarily employed in interstate commerce, such as maintaining signals on an interstate line, but at the time of his injury, is engaged in local work, such as replacing light bulbs in a railroad station. In such a case, it is not the customary employment which is significant, but the work in which he is engaged when injured. We did not hold that each act of employment should be broken down into separate steps so that an employee would be alternately in, and out of, interstate commerce as he proceeds about his work. Such an interpretation would do violence to the spirit of the Federal act. In the instant case, there was but one act of employment—draining the switch so that it would work properly. Obtaining a board to replace those which had been removed when cleaning the ditch was a part of this act and cannot be separated there-

from. Since petitioner's act in cleaning the switch was in furtherance of interstate commerce, it follows that the circuit court erred in sustaining the award of the commission. The judgment of the circuit court is therefore reversed and the award set aside.

*Judgment reversed; award set aside.*