963 N.E.2d 339 (2011)
357 Ill. Dec. 386
WILLIAMS AWNING COMPANY, Appellant and Cross-Appellee,
v.
ILLINOIS WORKERS' COMPENSATION COMMISSION, et al., Appellees, and
Richard Gibson, Appellee and Cross-Appellant.
No. 1-10-2810 WC.
Appellate Court of Illinois, First District, Workers' Compensation Commission Division.
December 19, 2011.
*341 Spiegel & Cahill, P.C., Hinsdale (Miles P. Cahill, of counsel), for appellant.
Horwitz, Horwitz & Associates, Ltd., Chicago (Mitchell W. Horwitz, Marc A. Perper, of counsel), for appellee.

OPINION
Justice HOFFMAN delivered the judgment of the court, with opinion.
¶ 1 Williams Awning Company (Williams Awning) appeals from an order of the circuit court of Cook County which confirmed a decision of the Illinois Workers' Compensation Commission (Commission) awarding the claimant, Richard Gibson, benefits pursuant to the Workers' Compensation Act (820 ILCS 305/1 et seq. (West 2002)) and the Workers' Occupational Diseases Act (Occupational Diseases Act) (820 ILCS 310/1 et seq. (West 2002)), for a shoulder injury and side-effects of chemical exposure he sustained while working for Williams Awning. Additionally, the claimant cross-appeals from the circuit court's order vacating the Commission's original decision in this matter for want of jurisdiction and from that portion of the circuit court's order confirming the Commission's denial of his request for an award of attorney fees and penalties pursuant to sections 16 and 19(k) of the Occupational Diseases Act (820 ILCS 310/16, 19(k) (West 2002)).
¶ 2 On June 4, 2003, after the arbitration hearing in this case had commenced, Fremont Indemnity Company (Fremont), Williams Awning's insurance carrier, was placed into conservation by the State of California. The California conservation order included the following provision:
"All persons are enjoined from instituting or prosecuting or maintaining any action at law or suit in equity, * * * except in matters before either the California Workers Compensation Appeals Board or equivalent administrative boards or organizations performing such functions in other states in which Fremont issued workers compensation policies, against Fremont, or against Conservator and from attaching, executing upon, redeeming of or taking any other legal proceedings against any of the property of Fremont, and from doing any act interfering with the conduct of said business by Conservator, except after an order from this Court obtained after reasonable notice to Conservator[.]"
In July 2003, the California court overseeing Fremont's conservation ordered that Fremont be liquidated; the liquidation order contained a provision that mirrored the above-quoted provision from the conservation order. As a result of Fremont's liquidation, the Illinois Insurance Guaranty Fund (the Fund) assumed Fremont's role in Williams Awning's defense.
¶ 3 On February 10, 2004, the arbitrator issued a decision awarding the claimant permanent total disability benefits for the side-effects of his chemical exposure, permanent partial disability benefits for his shoulder injury, medical expenses, and $1,125 in attorney's fees and $1,875 in penalties under sections 16 and 19(k), respectively, *342 of the Occupational Diseases Act (820 ILCS 310/16, 19(k) (West 2002)).
¶ 4 Williams Awning sought review of the arbitrator's decision before the Commission. While the Commission was reviewing the decision, Williams Awning filed for bankruptcy in the United States Bankruptcy Court in the Northeastern District of Illinois (the Bankruptcy Court) on October 14, 2004. That action triggered an automatic stay of any litigation pending against Williams Awning. See 11 U.S.C. § 362 (2006).
¶ 5 On January 18, 2005, automatic stay notwithstanding, the Commission modified the arbitrator's decision to exclude the sections 16 and 19(k) fees and penalties awarded by the arbitrator, because it concluded that, by statute, such awards could not be assessed against the Fund. The Commission otherwise adopted and affirmed the arbitrator's decision.
¶ 6 Williams Awning sought judicial review of the Commission's decision in the circuit court of Cook County. On September 24, 2007, while this matter was still pending before the circuit court, the Bankruptcy Court issued an order nullifying the bankruptcy stay "retroactive to October 14, 2004, as applied to" this case.
¶ 7 On May 22, 2008, the circuit court ruled that the Commission's order was void for lack of jurisdiction because it was entered in violation of the bankruptcy stay. The circuit court vacated the Commission's decision and remanded the cause to the Commission. Following remand, the Commission issued a decision on September 4, 2009, again modifying the arbitrator's rulings to omit the section 16 and 19(k) awards but otherwise upholding the arbitrator's findings.
¶ 8 Williams Awning again sought review of the Commission's decision in the circuit court of Cook County. The circuit court confirmed the Commission's decision. Williams Awning now appeals the circuit court's decision, and the claimant cross-appeals.
¶ 9 When, as in this case, a final order is entered confirming the Commission's decision on remand and an appeal is taken therefrom, we have jurisdiction to review the entire record and determine the propriety of the circuit court's original order which remanded the matter to the Commission in the first instance. Stockton v. Industrial Comm'n, 69 Ill.2d 120, 125-26, 12 Ill.Dec. 744, 370 N.E.2d 548 (1977). Consequently, any appeal from the circuit court's final order confirming the Commission's decision on remand may be construed as bringing up for review its earlier order setting aside the Commission's original decision, a necessary step in the procedural process leading to the entry of the final order. See Burtell v. First Charter Service Corp., 76 Ill.2d 427, 434-35, 31 Ill.Dec. 178, 394 N.E.2d 380 (1979). We, therefore, begin with the claimant's argument, on cross-appeal, that the circuit court erred in setting aside the Commission's initial, January 18, 2005, decision for lack of jurisdiction, and in remanding the cause back to the Commission.
¶ 10 The circuit court vacated the Commission's decision of January 18, 2005, based on the notion that the Commission lacked jurisdiction after the automatic bankruptcy stay attached. For the following reasons, we conclude that the circuit court erred in this regard.
¶ 11 The supremacy clause, contained in article VI of the United States Constitution, provides that the laws of the United States "shall be the supreme Law of the Land * * * any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., art. VI, cl. 2. Consequently, while it is true, *343 under normal circumstances, that a circuit court has subject matter jurisdiction over any claims falling within the general class of claims over which the court's authority extends, a circuit court may still lack subject matter jurisdiction over such claims where a federal statute deprives or divests it of jurisdiction. Cohen v. Salata, 303 Ill.App.3d 1060, 1063-64, 237 Ill.Dec. 413, 709 N.E.2d 668 (1999). One such federal statute, section 362 of the Bankruptcy Code (11 U.S.C. § 362), provides that a bankruptcy petition "operates as a stay, applicable to all entities, of * * * the commencement or continuation * * * of a judicial * * * action or proceeding against the debtor that was or could have been commenced" before the debtor filed for bankruptcy protection. This automatic stay "takes effect the moment a bankruptcy petition is filed and without regard to whether a party or a state court has notice of the filing." Cohen, 303 Ill.App.3d at 1064, 237 Ill.Dec. 413, 709 N.E.2d 668 (citing Constitution Bank v. Tubbs, 68 F.3d 685, 691 (3d Cir.1995), and Townsend v. Magic Graphics, Inc., 169 Ill.App.3d 73, 76, 119 Ill.Dec. 740, 523 N.E.2d 208 (1988)). "[A]ctions taken in violation of the automatic stay provisions of section 362 are void." Cohen, 303 Ill.App.3d at 1065, 237 Ill.Dec. 413, 709 N.E.2d 668.
¶ 12 However, although actions taken in violation of a bankruptcy stay are void, a bankruptcy court may grant retroactive relief from a stay, and, in so doing, validate any orders or actions taken before the stay was annulled. Schwartz v. United States, 954 F.2d 569, 572-73 (9th Cir.1992); see also In re Myers, 491 F.3d 120, 127 (3d Cir.2007) ("this Court and others have held that actions in violation of the stay, although void (as opposed to voidable), may be revitalized in appropriate circumstances by retroactive annulment of the stay.") Here, although the Commission's initial order may have been void as entered in derogation of a bankruptcy stay, it was revitalized by the Bankruptcy Court's retroactive annulment of the stay. As a result, we agree with the claimant that the circuit court erred in setting aside the Commission's initial decision.
¶ 13 That conclusion, however, does not end our analysis, because, in its briefs, Williams Awning raises an unrelated jurisdictional objection that we must also consider. Williams Awning asserts that the arbitrator's 2004 decision, which led to the Commission decision now under review, is void for lack of subject matter jurisdiction. According to Williams Awning, its workers' compensation insurer, Fremont, entered liquidation proceedings prior to the arbitrator's decision, and the liquidation proceedings included a stay provision that should have been applied to this case to divest the arbitrator's jurisdiction. We disagree.
¶ 14 Williams Awning places considerable reliance on the notion that, pursuant to section 221.2 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/221.2 (West 2004)), our courts give full faith and credit to delinquency proceedings commenced against an insurer in another reciprocal state, such as California. Mahan v. Gunther, 278 Ill.App.3d 1108, 1115, 215 Ill.Dec. 625, 663 N.E.2d 1139 (1996); see also West's Ann. Cal. Ins.Code §§ 1064.1 through 1064.12. In response, the claimant points out that the California stay order specifically exempted from its stay provision any cases before the equivalent of the California Workers Compensation Appeals Board, and Williams Awning replies that the exemption does not apply because the arbitration proceedings were not yet before the Commission. The parties also dispute whether the California order should be given full faith and credit by Illinois courts.
*344 ¶ 15 Both parties overlook a more fundamental, and dispositive, point. The California stay order declared that all persons were "enjoined from instituting or prosecuting or maintaining any action at law or suit in equity * * * against Fremont." Although Fremont assumed Williams Awning's defense in these Workers' Compensation proceedings, it was not itself a party to the proceedings. The claimant's Workers' Compensation claim was raised, prosecuted, and maintained against Williams Awning, not Fremont. Accordingly, on its face, the California order, which applied only to actions "against Fremont," did not purport to enjoin the prosecution of the current workers' compensation proceedings. For that reason, we reject Williams Awning's assertion that the arbitrator lacked subject matter jurisdiction due to the California order.
¶ 16 However, although we reject Williams Awning's jurisdictional argument, we nonetheless do not reach the merits of this appeal because, as explained above, we conclude that the circuit court erred in setting aside the Commission's initial decision for lack of jurisdiction and remanding the cause back to the Commission. Accordingly, we must reverse that circuit court order and reinstate the Commission's original January 18, 2005, decision. We must also vacate the subsequent Commission decision entered on remand on September 9, 2009, and the circuit court decision confirming it. We remand this cause to the circuit court with instructions to review the Commission's original January 18, 2005, decision on its merits.
¶ 17 Circuit court order vacated, and prior circuit court order reversed; Commission decision vacated, and prior Commission decision reinstated; and cause remanded to the circuit court with instructions.
Presiding Justice McCULLOUGH and Justices HUDSON, HOLDRIDGE and STEWART concurred in the judgment and the opinion.